■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENNIE JAMISON, Appellant. [779 NYS2d 464]—

Judgment, Supreme Court, New York County (Jeffrey M. Atlas, J.), rendered January 22, 2003, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The court properly declined to instruct the jury on the agency defense, since there was no reasonable view of the evidence, viewed most favorably to defendant, to support that defense. Another apparent participant in the drug operation "steered" the purchasing undercover officer to defendant, who then arranged the sale, walked the officer to a specific location, accepted his cash and returned with the drugs. There was no evidence suggesting that defendant was doing a "favor" for the purchaser (*see People v Herring*, 83 NY2d 780 [1994]; *People v*

*Lam Lek Chong,* 45 NY2d 64, 74-75 [1978], *cert denied* 439 US 935 [1978]; *People v Vaughan,* 300 AD2d 104 [2002], *lv denied* 99 NY2d 633 [2003]).

The court properly exercised its discretion in allowing a detective to testify as an expert to the roles typically played by various participants in a drug transaction. This was specialized information not ordinarily within the knowledge of the average juror, and it was helpful to the jury in understanding how defendant and the other alleged participants in the transaction acted together (*see People v Smith,* 2 NY3d 8 [2004]; *People v Brown,* 97 NY2d 500, 505-506 [2002]; *People v Lacey,* 245 AD2d 145 [1997], *lv denied* 91 NY2d 927 [1998]). Furthermore, the expert testimony did not invade the province of the jury. Concur—Nardelli, J.P., Ellerin, Williams, Lerner and Catterson, JJ.