THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGAR GORTSPUJULS, Appellant. [844 NYS2d 8]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered January 21, 2004, as amended September 28, 2005, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first and third degrees, and sentencing him to concurrent terms of 11½ years for the sale and first-degree possession convictions, concurrent with a term of 8⅓ to 25 years for the third-degree possession conviction, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the first-degree and third-degree possession convictions and dismissing those counts of the indictment, and otherwise affirmed.

Defendant's only preserved challenge to the court's evidentiary rulings is his argument that the cash recovered from his

person was irrelevant because it had no connection with the charged transaction. While we agree that the money was irrelevant, we find the error to be harmless (*see e.g. People v Gilbert*, 7 AD3d 286 [2004], *lv denied* 3 NY3d 659 [2004]). Defendant's other evidentiary claims are unpreserved and we decline to review them in the interest of justice. Were we to review them, we would reject them.

Defendant's challenges to the court's charge are likewise unpreserved, and we decline to review them in the interest of justice. Were we to review them, we would find no basis for reversal. Although the court made inappropriate departures from standard instructions, including the use of language that we disapproved in *People v Johnson* (11 AD3d 224 [2004]), the charge was not constitutionally deficient. The court used language about a numerical majority solely to emphasize that the verdict had to be unanimous, and this was a completely different context from the one in which the same court erroneously used such language in *Johnson*. Here, there is no reason to believe the jury could have been misled into believing that the People's burden was anything less than proof beyond a reasonable doubt. The court's instruction about a juror's change of mind during deliberations does not warrant reversal (*see People v Antommarchi*, 80 NY2d 247, 251 [1992]).

The convictions for possession and sale stem from the same transaction, and we exercise our discretion to dismiss the noninclusory concurrent possession counts (*see e.g. People v Lopez*, 288 AD2d 118, 120 [2001], *affd* 99 NY2d 76 [2002]).

Pursuant to the 2004 Drug Law Reform Act, the court reduced defendant's original sentence of 15 years to life on the sale conviction to 11½ years, and we perceive no basis for a further reduction. Concur—Lippman, P.J., Tom, Marlow, Gonzalez and Malone, JJ.