THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HENDERSON, Appellant. [856 NYS2d 97]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered January 27, 2006, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of 4½ to 9 years, unanimously affirmed.

The court properly exercised its discretion when it denied defendant's mistrial motion made after the deliberating jury indicated it was deadlocked (*see Matter of Plummer v Rothwax*, 63 NY2d 243, 250 [1984]). Although deliberations had been spread out over several days, the total amount of time expended in actual deliberations was not particularly lengthy, and there is no reason to believe the jury reached a verdict under coercive circumstances.

All of defendant's challenges to the court's main charge and its responses to jury notes, including its response to the jury's final deadlock note, are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject each of them on the merits. Although the court made inappropriate departures from standard instructions, including the use of language that we disapproved in *People v Johnson* (11 AD3d 224 [2004]), nothing in the charge was constitutionally deficient. There is no reason to believe the jury could have been misled into believing that the People's burden was anything less than proof beyond a reasonable doubt (*see People v Gortspujuls*, 44 AD3d 368 [2007], *lv denied* 9 NY3d 1006 [2007]). Unlike the situation in *Johnson*, any references to numerical majorities or "probabilities" occurred in completely different contexts from any discussion of the burden of proof, which the court consistently stated to be beyond a reasonable doubt. The instruction delivered in response to the last jury note, which defendant

characterizes as an *Allen* charge (*Allen v United States*, 164 US 492 [1896]), was not coercive or prejudicial because it did not urge the jurors to agree upon a verdict or obligate them to convince one another of the correctness of their views, and it did not ask any jurors to surrender their conscientiously held beliefs (*see People v Ford*, 78 NY2d 878 [1991]). Moreover, this instruction never actually urged or requested the jury to reach a unanimous verdict; instead, its primary focus was to remind the jury of the presumption of innocence, the reasonable doubt standard and the duty to follow the law as charged. Finally, since nothing in any of the main and supplementary jury instructions on this appeal was constitutionally deficient, the absence of any objections by trial counsel did not deprive defendant of effective assistance.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]). The court properly permitted inquiry into drug offenses that were relevant to defendant's credibility as a witness. Concur—Tom, J.P., Mazzarelli, Williams and Sweeny, JJ.