■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR ALVAREZ, Appellant. [864 NYS2d 410]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered April 21, 2004, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of 20 years, unanimously affirmed.

Since the court's reference to numerical majorities did not result in a constitutionally deficient jury instruction, counsel's failure to object to that reference did not deprive defendant of

effective assistance. Although the court employed language that we disapproved in *People v Johnson* (11 AD3d 224 [2004]), it did so only in the context of the requirement of a unanimous verdict. The jury could not have been misled as to the People's burden, which the court consistently defined as beyond a reasonable doubt (*see People v Henderson*, 50 AD3d 525 [2008]; *People v Gortspujuls*, 44 AD3d 368 [2007], *lv denied* 9 NY3d 1006 [2007]).

The court's adverse inference charge concerning the prosecution's loss or destruction of certain notes of a witness interview was sufficient to prevent any prejudice to defendant (*see People v Martinez*, 71 NY2d 937, 940 [1988]), and the court properly exercised its discretion in declining to include the additional language requested by defendant.

The record does not establish that defendant's sentence was based on any improper criteria, and we perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Andrias, Saxe, Friedman and Acosta, JJ.