■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MILLER, Appellant. [883 NYS2d 479]—

Order, Supreme Court, New York County (Edward J. McLaughlin, J.), entered on or about March 3, 2008, which denied defendant's CPL 440.10 motion to vacate, on the ground of ineffective assistance of counsel, a judgment of the same court and Justice, rendered March 28, 2001, as amended April 20, 2001, unanimously affirmed.

Although several aspects of the court's main and supplemental jury instructions were similar to language we disapproved in *People v Johnson* (11 AD3d 224 [2004], *lv denied* 4 NY3d 745 [2004]), the question here is not merely whether those instructions were improper, but includes whether trial counsel's failure to object to them—and, indeed, his specific requests for one of those instructions—in and of itself establishes a claim of ineffective assistance of counsel (*see People v Caban*, 5 NY3d 143, 152 [2005]).

We observe that, unlike the instructions given in *People v Johnson*, the trial court here highlighted the difference between facts and elements, and expressly told the jury that the reasonable doubt standard was the only standard that applied to the elements of the crimes charged. Particularly given that distinction, we conclude that the presence of the disapproved language in the charge did not misstate the constitutionally required standard of proof or compromise defendant's right to a fair trial, and that counsel's failure to object to the challenged portions did not amount to a deprivation of defendant's right to effective assistance of counsel (*see People v Alvarez*, 54 AD3d 612 [2008], *lv denied* 11 NY3d 853 [2008]; *People v Henderson*, 50 AD3d 525, 525-526 [2008], *lv denied* 10 NY3d 959 [2008]). Concur—Tom, J.P., Saxe, Sweeny, Acosta and Abdus-Salaam, JJ.