Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered August 19, 2003, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first and third degrees and reckless endangerment in the first degree, and sentencing him to an aggregate term of 2TLfe years to life, modified, on the law, to the extent of vacating the sentence on the reckless endangerment count and remitting for resentencing pursuant to CPL 470.20; order, same court and Justice, entered on or about December 7, 2005, which denied defendant’s CPL 440.10 motion to vacate the judgment, affirmed; and order, same court and Justice, entered on or about February 14, 2006, which denied defendant’s motion for *429 resentencing pursuant to the Drug Law Reform Act (L 2004, ch 738), affirmed.
The court properly determined that substantial justice dictated the denial of defendant’s resentencing application (see generally People v Gonzalez, 29 AD3d 400 [1st Dept 2006], lv denied 7 NY3d 867 [2006]). Resentencing “involves a complex balancing of several sets of compelling and in some respects competing concerns” (People v Sosa, 18 NY3d 436, 442 [2012]), requiring the “exercise of judicial discretion to determine whether relief to an eligible applicant is in the end consonant with the dictates of substantial justice” {id. at 443), and courts may deny the applications of persons who “have shown by their conduct that they do not deserve relief from their sentences” (People v Paulin, 17 NY3d 238, 244 [2011]).
The record demonstrates that the court considered the totality of the circumstances and found that defendant did not deserve relief from his original sentence, only after the court balanced defendant’s extensive criminal history, defendant’s denial of any responsibility at trial and sentencing, and the circumstances of the underlying offenses, against the evidence of defendant’s postincarceration rehabilitation. Defendant’s extensive criminal record in New York and New Jersey, including five felonies, is replete with crimes of violence that were very serious, regardless of whether they would technically qualify as New York violent felonies. Among other crimes, defendant has been convicted of possession of a loaded handgun and ammunition, aggravated assault with a deadly weapon, and home invasion robbery and burglary of another drug dealer’s home, during which defendant covered a 12-year-old boy’s head in a pillow case. This last offense was committed after defendant absconded after being released on bail on drug charges in New York. Defendant also has prior convictions for possession of large quantities of drugs, including near a school, and drug selling paraphernalia. The instant crimes not only involved a large quantity of drugs, but also a reckless high-speed car chase that resulted in injuries to innocent persons, property damage, and the complete sealing off of the West Side Highway for hours.
When interviewed by the Probation Department following his conviction, defendant “adamantly maintain[ed] his innocence.” He reiterated this at sentencing, stating, “I don’t think I deserve any sentence. I think I deserve my freedom.” Defendant’s insistence on his innocence notwithstanding the overwhelming evidence underscores his complete lack of insight into the wrongful nature of his conduct and a lack of acceptance of responsibility for the harm he caused himself and others.
*430 Thus, notwithstanding any injudicious remarks the court may have made at the time of sentencing and resentencing, the record supports the court’s conclusion that the aggravating factors outweighed the mitigating factors cited by defendant, such as family ties and participation in prison rehabilitation programs (see e.g. People v Ford, 103 AD3d 492 [1st Dept 2013]), and the court properly exercised its discretion in determining that substantial justice dictated denial of the motion (see People v Vargas, 113 AD3d 570 [1st Dept 2014]).
With regard to defendant’s direct appeal, there is a sentencing error which warrants remitting this case for further proceedings in accordance with CPL 470.20. At sentencing, the Assistant District Attorney pointed out that defendant, due to his extensive felony record, was actually eligible for sentencing on the reckless endangerment count to a life sentence as a discretionary persistent felony offender. However, the People only sought to have him sentenced as a second felony offender. The sentencing minutes reflect that the court sentenced defendant as a second felony offender to 3V2 to 7 years on the reckless endangerment count, consistent with the judge’s stated intention to impose the maximum sentence for that count and to run it consecutive to the concurrent sentences on the drug counts. Such a sentence would also be consistent with defendant having been sentenced as a second felony offender on one of the drug counts. However, in what can only be understood to be a scrivener’s error by the clerk of the court that was then endorsed by the court, the worksheet and the commitment papers transmitted to the Department of Correction reflect a sentence of 2Vs to 7 years, which is not a legal sentence for a second felony offender.
We recognize that this particular legal error is not raised by defendant, but there are several cases that hold that courts may correct their own sentencing errors, as this is within their “ ‘inherent power to correct their records, where the correction relates to mistakes, or errors, which may be termed clerical in their nature, or where it is made in order to conform the record to the truth’ ” (People v Minaya, 54 NY2d 360, 364 [1981], cert denied 455 US 1024 [1982], quoting Bohlen v Metropolitan El. Ry. Co., 121 NY 546, 550-551 [1890]). This power is limited to “situations where the record in the case clearly indicates the presence of judicial oversight based upon an accidental mistake of fact or an inadvertent misstatement that creates ambiguity in the record” (People v Richardson, 100 NY2d 847, 853 [2003]). The corrective actions an intermediate appellate court may take on criminal appeals are circumscribed by CPL 470.20. This pro *431 vision allows the Appellate Division, upon finding that an illegal sentence was imposed, to choose whether to remit to the trial court for resentencing or to substitute its own legal sentence (see People v LaSalle, 95 NY2d 827 [2000]). Under these circumstances, we remit to the trial court for resentencing on the reckless endangerment count. In light of this remittitur, it is premature to reach the issue of whether imposition of a consecutive sentence for this count would constitute an abuse of discretion.
The court properly denied defendant’s motion to vacate the judgment made on the ground of ineffective assistance of counsel. Although several portions of the court’s jury instructions were similar to language we disapproved in People v Johnson (11 AD3d 224 [1st Dept 2004], lv denied 4 NY3d 745 [2004]), counsel’s failure to object to them in a case tried before Johnson was decided fell within the range of reasonable competence. Unlike the instructions in Johnson, the disapproved language in the charge was made in the context of the requirement of a unanimous verdict, and did not misstate the constitutionally required standard of proof or compromise defendant’s right to a fair trial. Since the jury could not have been misled as to the People’s burden, which the court consistently defined as beyond a reasonable doubt, counsel’s failure to object to the challenged portions did not deprive defendant of his right to effective assistance of counsel (see People v Miller, 64 AD3d 471 [1st Dept 2009], lv denied 13 NY3d 798 [2009]; People v Alvarez, 54 AD3d 612 [1st Dept 2008], lv denied 11 NY3d 853 [2008]).
We have considered defendant’s remaining arguments and find them unavailing. Concur — Mazzarelli, Friedman and Feinman, JJ. Tom, J.E, and Freedman, J., dissent in part in separate memoranda as follows: