■ The People of the State of New York, Respondent, v Leon DeChamps, Appellant. [24 NYS3d 74]—

Judgment, Supreme Court, New York County (Daniel P. Conviser, J.), rendered February 25, 2014, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to concurrent terms of six years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the possession conviction, and dismissing that count of the indictment, and otherwise affirmed.

The court properly declined to instruct the jury on the agency defense, because there was no reasonable view of the evidence, viewed most favorably to defendant, to support that defense (*see People v Jamison*, 8 AD3d 189 [1st Dept 2004], *lv denied* 3 NY3d 707 [2004]). Defendant's actions were those of a drug seller, and there is no evidence that he was doing a "favor" for a stranger (*see People v Chong*, 45 NY2d 64, 74-75 [1978], *cert denied* 439 US 935 [1978]). To the extent that defendant is arguing that the court should have given an agency charge based on testimony that defendant *could* have given, but did not, or that the court dissuaded defendant from testifying, those arguments are without merit.

The court properly received evidence that before bringing the undercover officer to defendant, another participant in the transaction offered to take her to "someone who had drugs." This evidence was admissible for the nonhearsay purpose of completing the narrative and explaining the sequence of events (*see generally People v Tosca*, 98 NY2d 660 [2002]). In any event, any error in this regard was harmless. Defendant's argument that the court should have delivered a limiting instruction is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find that the lack of a limiting instruction does not warrant reversal.

Since the possession conviction is based on defendant's possession of the same bag of drugs that he sold to the undercover officer, we exercise our discretion to dismiss the noninclusory concurrent possession count (*see e.g. People v Gortspujuls*, 44 AD3d 368, 369 [1st Dept 2007], *lv denied* 9 NY3d 1006 [2007]). Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels and Kapnick, JJ.