■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTO GONZALEZ, Appellant. [815 NYS2d 75]—

Order, Supreme Court, Bronx County (Robert G. Seewald, J.), entered December 1, 2005, which denied defendant's motion to be resentenced pursuant to the Drug Law Reform Act, and order, same court and Justice, entered October 13, 2005, which denied defendant's motion seeking, among other things, to reduce his conviction to a class A-II felony, unanimously affirmed.

Section 23 of the Drug Law Reform Act ([DLRA] L 2004, ch 738) provides, in pertinent part, that a defendant convicted of a class A-I drug felony may apply for resentencing under the new, more lenient sentencing provisions, and that the court should grant such application "unless substantial justice dictates that the application should be denied." This provision, as well as the broad scope of matters which the court may consider on such an application (id.), indicates a legislative intent to grant a measure of discretion to the court. The Legislature could have made resentencing automatic, or it could have required a finding of extraordinary circumstances in order to deny resentencing, but it did not do either. We find that the court providently exercised the degree of discretion it possessed, where defendant had been released on parole from his A-I felony conviction, but within three months was rearrested for selling drugs, which led to a new conviction. Moreover, defendant's prison disciplinary record, which the DLRA expressly authorizes the court to consider, was poor.

Defendant's other argument is without merit (see People v Quinones, 22 AD3d 218 [2005], lv denied 6 NY3d 817 [2006]). Concur—Buckley, P.J., Mazzarelli, Friedman, Sweeny and McGuire, JJ.