■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEMORI WILSON, Appellant. [848 NYS2d 53]—

Order, Supreme Court, New York County (Carol Berkman, J.), entered June 26, 2006, which denied defendant's motion to be resentenced pursuant to the 2005 Drug Law Reform Act, unanimously affirmed.

The Drug Law Reform Act of 2005 provides that, in reviewing an application for resentencing made by an eligible defendant, the court "may consider any facts or circumstances relevant to the imposition of a new sentence which are submitted by [defendant] or the people and may, in addition, consider the institutional record of confinement of [defendant]," and that the court "shall" grant the application "unless substantial justice dictates that the application should be denied" (L 2005, ch 643, § 1). Assuming without deciding that defendant was eligible for resentencing, we find that the court providently exercised "the degree of discretion it possessed" (*People v Gonzalez*, 29 AD3d 400 [2006], *lv denied* 7 NY3d 867 [2006]) where defendant, while on probation, was rearrested for his significant role in multiple bank robberies, participation in a scheme to deposit stolen checks into a fraudulent account, the selling of stolen money orders, and the transportation and distribution of cocaine between New York and Pennsylvania. "The Legislature could have made resentencing automatic, or it could have required a finding of extraordinary circumstances in order to deny resentencing, but it did not do either" (*id.*). Under the circumstances, defendant's evidence of rehabilitation while incarcerated was insignificant in light of the factors militating against resentencing (*People v Salcedo*, 40 AD3d 356, 357 [2007], *lv dismissed* 9 NY3d 850 [2007]). Concur—Andrias, J.P., Saxe, Friedman, Nardelli and Malone, JJ.