■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO MARTI, Appellant. [916 NYS2d 769]—

Order, Supreme Court, New York County (Laura A. Ward, J.), entered on or about July 27, 2006, which denied defendant's CPL 440.46 motion for resentencing, unanimously affirmed.

The 2009 Drug Law Reform Act (L 2009, ch 56), like its predecessors, provides that an eligible inmate's application for resentencing "shall" be granted, unless "substantial justice" dictates that it be denied (CPL 440.46 [3] [incorporating by reference provisions of the 2004 Drug Law Reform Act (L 2004, ch 738, § 23)]). The determination is discretionary (*see People v Gonzalez*, 29 AD3d 400 [2006], *lv denied* 7 NY3d 867 [2006]) and is made on an individualized assessment of all the relevant facts and circumstances, including, among other things, a defendant's recidivism (*see e.g. People v Ciriaco*, 46 AD3d 374 [2007]) or misconduct while incarcerated (*id.*). In light of the facts presented here, the court properly denied the application. While the court misspoke in reciting the applicable standards

for resentencing, the decision and order makes clear that the court did, in fact, apply the correct standards in determining defendant's application.

We have considered and rejected defendant's remaining contentions. Concur—Andrias, J.P., Sweeny, Moskowitz, De-Grasse and Abdus-Salaam, JJ.