■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAMAR WIGGINS, Appellant. [923 NYS2d 349]—

Appeal by the defendant from an order of the Supreme Court, Queens County (Grosso, J.), dated March 30, 2010, which denied his motion for resentencing pursuant to CPL 440.46 on his conviction of criminal possession of a controlled substance in the third degree, which sentence was originally imposed, upon his plea of guilty, on May 3, 2006.

Ordered that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the defendant's motion for resentencing pursuant to CPL 440.46.

The Supreme Court denied the defendant's motion for resentencing pursuant to CPL 440.46, solely on the basis that the defendant's release to parole after he applied for resentencing rendered him ineligible for that relief. Contrary to this conclusion, however, the defendant was eligible for resentencing because he was in the custody of the Department of Correctional Services when he moved for resentencing (see CPL 440.46 [1]; People v Overton, 86 AD3d 4 [2011]). Therefore, it was error to deny the motion on the basis that the defendant was statutorily ineligible for resentencing, and we remit the matter to the Supreme Court, Queens County, for further proceedings on the defendant's motion. Angiolillo, J.P., Dickerson, Belen and Sgroi, JJ., concur.