■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER MILTON, Appellant. [926 NYS2d 898]—

By judgment, same court and Justice, rendered December 13, 2004, defendant was convicted, on his guilty plea, of two counts of criminal sale of a controlled substance in the third degree, a class B felony (Penal Law § 220.39). In accordance with the plea agreement, defendant was placed under the supervision of Treatment Accountability for Safe Communities and directed to complete a drug treatment program. Despite being afforded several opportunities, defendant failed to comply with the terms of the program and on September 21, 2006 was sentenced as a second felony offender, same court and Justice, to concurrent terms of 4½ to 9 years.

Defendant brought this motion seeking to be resentenced under the Drug Law Reform Act (DLRA) of 2009 (L 2009, ch 56). While finding defendant eligible for resentencing, Supreme Court, in its discretion, denied the motion on the ground that defendant had failed to avail himself of the alternative of drug treatment.

Although defendant failed to complete the drug treatment program and has not been a model prisoner, we note that his family has promised to provide him with substantial assistance upon release, including employment, help in finding housing and emotional support. Resentencing promotes the purpose of the 2009 DLRA to ameliorate harsh sentences, and the requisite period of postrelease supervision affords protection to the community (see People v Goss, 286 AD2d 180, 183 [2001]). We therefore exercise our discretion to grant the motion and to specify and inform defendant of an appropriate proposed sentence, and we remit for further proceedings (CPL 440.46 [3]; L 2004, ch 738, § 23). Concur—Tom, J.P., Mazzarelli, Acosta, DeGrasse and Román, JJ.