(August 11, 2011)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY A. DEVIVO, Appellant. [928 NYS2d 393]—

Spain, J.P.

In 1993, defendant was convicted of criminal sale of a controlled substance in the third degree and was sentenced to a prison term of 3 to 9 years. In 1999, while on parole for that conviction, defendant was convicted of burglary in the second degree, criminal mischief in the third degree and perjury in the first degree. He was sentenced to prison terms of 10 years on

the burglary conviction and 2 to 4 years on the criminal mischief conviction, with those sentences to run concurrently. Defendant was also sentenced to 3 to 6 years on the perjury conviction, with that sentence to run consecutively to the other sentences. The 1999 sentences were also directed to run consecutively to the undischarged term of imprisonment on the 1993 drug felony conviction. In November 2009, defendant moved to be resentenced pursuant to CPL 440.46. County Court denied the motion and defendant now appeals.

We affirm. Pursuant to CPL 440.46 (1), in order to be eligible for resentencing, a defendant must have been convicted of a class B drug felony that was committed prior to January 13, 2005 and must be serving an indeterminate sentence with a maximum term of more than three years (*see* CPL 440.46 [1]). The resentencing provisions do not apply, however, to "any person who is serving a sentence on a conviction for or has a predicate felony conviction for an exclusion offense" (CPL 440.46 [5]). As relevant here, an "exclusion offense" is defined as "a crime for which the person was previously convicted within the preceding [10] years, excluding any time during which the offender was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony, which was . . . a violent felony offense as defined in [Penal Law § 70.02]" (CPL 440.46 [5] [a]). Inasmuch as burglary in the second degree is a violent felony offense pursuant to Penal Law § 70.02 (b), the first issue before us is whether defendant's commission of the burglary in 1998 was within the look-back period of 10 years.

Initially, as we have recently held, the look-back period is measured from defendant's motion for resentencing, as opposed to the commission of the drug felony offense (*see People v Carter*, 86 AD3d 653, 654 [2011]; *People v Lashley*, 83 AD3d 868, 868-869 [2011]; *People v Hill*, 82 AD3d 77, 79-80 [2011]; *People v Sosa*, 81 AD3d 464, 465 [2011], *lv granted* 16 NY3d 863 [2011]). We now must determine whether defendant's 1998 burglary was committed within 10 years of his application for resentencing, after omitting time mandated for exclusion by the statute. Upon reading the statutory language, we conclude that it was written in anticipation of a situation where the possible exclusion offense was committed prior to the drug offense for which the resentencing is sought. Hence, the statute excludes time spent in prison between the commission of the "previous" felony (i.e., the alleged exclusion offense) and commission of the "present" felony (i.e., the drug offense) when calculating the 10-year look-back provision. Unfortunately, the statutory

language was not written to anticipate the situation at hand, i.e., where the possible exclusion offense was committed *after* the drug conviction because the defendant was out on parole. Given the use of the terms "previous felony" and "present felony" in the statute, it does not readily lend itself to application here. Accordingly, we cannot find that defendant was convicted of an exclusion offense during the statutory look-back period, which would render him per se ineligible for resentencing.

The Court of Appeals has recently stated, however, that in the case of parole violators seeking resentencing, "[i]t may be, of course, that [they] have shown by their conduct that they do not deserve relief from their sentences[, and] if that is the case, courts can deny their resentencing applications" (*People v Paulin*, 17 NY3d 238, 244 [2011]). Here, after considering defendant's criminal behavior while on parole as well as his conduct while incarcerated, County Court stated that, even if defendant were eligible for resentencing, it would deny his application. Deferring to County Court's decision in this regard, especially given that defendant was convicted of a violent felony offense *after* committing the crime for which he seeks resentencing, we agree that substantial justice dictates that the application be denied (*see* L 2004, ch 738, § 23; CPL 440.46 [3]; *People v La Porte*, 53 AD3d 984, 985 [2008]).

Kavanagh, Stein, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed.