■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS DAVIS, Appellant. [929 NYS2d 738]—

Application by appellant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1976]). We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Saxe, J.P., Friedman, Acosta, DeGrasse and Abdus-Salaam, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX SUYA, Appellant. [929 NYS2d 738]—

As conceded by the People, defendant's 1999 robbery conviction did not constitute an "exclusion offense" that rendered him ineligible for resentencing pursuant to CPL 440.46. Nevertheless, the court properly exercised its discretion in concluding that substantial justice dictated denial of defendant's application for resentencing (*see People v Gonzalez*, 29 AD3d 400 [2006], *lv denied* 7 NY3d 867 [2006]). Defendant's criminal record is very serious and includes violent crimes. In addition, his prison disciplinary record is extraordinarily poor. Concur—Saxe, J.P., Friedman, Acosta, DeGrasse and Abdus-Salaam, JJ.