█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY McEACHIN, Appellant. [929 NYS2d 883]—

The Supreme Court denied the defendant's motion for resentencing pursuant to CPL 440.46 solely on the basis that the defendant's release to parole after he applied for resentencing rendered him ineligible for that relief. However, where, as here, the defendant applies for resentencing while still in the custody of the Department of Corrections and Community Supervision, the defendant is not rendered ineligible based upon a postapplication release to parole supervision (*see* CPL 440.46 [1]; *People v Santiago*, 17 NY3d 246 [2011]; *People v Overton*, 86 AD3d 4 [2011]; *People v Wiggins*, 84 AD3d 1279 [2011]). Since the defendant met all eligibility requirements of CPL 440.46, it was error to deny the motion on the basis that the defendant was statutorily ineligible for resentencing, and we remit the matter to the Supreme Court, Queens County, for further proceedings on the defendant's motion. Dillon, J.P., Angiolillo, Dickerson and Cohen, JJ., concur.