██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CHAIRES, Appellant. [932 NYS2d 736]—

Kavanagh, J.

Defendant was convicted upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree and was sentenced to a prison term of 4 to 12 years. After his release on parole, he was again arrested and pleaded guilty to the crime of attempted criminal sale of a controlled substance in the third degree, and was returned to prison. Defendant subsequently moved to be resentenced pursuant to CPL 440.46, but was released on parole prior to a determination being made on his application. County Court dismissed his application on the basis that defendant was ineligible to apply for resentencing because of his status as a parole violator and the fact that he was no longer incarcerated. Defendant now appeals.

As the People concede, reversal is required. Defendant's status as a parole violator does not preclude County Court from considering his application (*see People v Paulin*, 17 NY3d 238, 244 [2011]), although it may be taken into account by the court when determining whether or not to grant the application (*see*

*id.*; *People v Devivo*, 87 AD3d 794, 796 [2011]). Further, insofar as defendant was in custody when he applied for resentencing, the fact that he has subsequently been released does not render his application moot (*see People v Santiago*, 17 NY3d 246, 248-249 [2011]). Therefore, the order must be reversed and the matter remitted to County Court for further proceedings.

Mercure, J.P., Peters, Malone Jr. and Stein, JJ., concur. Ordered that the order is reversed, on the law, and matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision.