THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES TAYLOR, Appellant. [933 NYS2d 610]—

The Supreme Court erred in denying the defendant's motion to be resentenced pursuant to CPL 440.46 on the ground that his status as a reincarcerated parole violator made him ineligible for relief under the 2009 Drug Law Reform Act, since "prisoners who have been paroled, and then reincarcerated for violating their parole, are not for that reason barred from seeking relief under the statute" (*People v Paulin*, 17 NY3d 238, 242 [2011]; *see People v Vidal*, 87 AD3d 1085 [2011]; *People v Santiago*, 87 AD3d 1077 [2011]; *People v Howard*, 85 AD3d 1202 [2011]).

Furthermore, the Supreme Court erred in denying the defendant's motion on the alternate ground that his release to parole after he applied for resentencing rendered him ineligible for that relief. Where, as here, the defendant applies for resentencing while still in the custody of the Department of Corrections and Community Supervision, the defendant is not

rendered ineligible based upon a postapplication release to parole supervision (*see People v Santiago*, 17 NY3d 246 [2011]; *People v McEachin*, 87 AD3d 1165 [2011]; *People v Wiggins*, 84 AD3d 1279 [2011]).

Accordingly, we remit the matter to the Supreme Court, Kings County, for a new determination of the defendant's motion. Mastro, J.P., Balkin, Chambers and Sgroi, JJ., concur.