THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE MYLES, Appellant. [935 NYS2d 99]—

At the time of the defendant's motion for resentencing, the 2009 Drug Law Reform Act, codified in CPL 440.46, provided that "[a]ny person in the custody of the department of correctional services convicted of a class B felony offense defined in article two hundred twenty of the penal law which was committed prior to [January 13, 2005], who is serving an indeterminate sentence with a maximum term of more than three years, may . . . apply to be resentenced" (CPL former 440.46 [1]). However, the resentencing provisions of CPL 440.46 do not apply "to any person who is serving a sentence on a conviction for or has a predicate felony conviction for an exclusion offense" (CPL 440.46 [5]). CPL 440.46 (5) (a) defines an "exclusion offense" as "a crime for which the person was previously convicted within the preceding ten years, excluding any time during which the offender was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony, which was: (i) a violent felony offense as defined in section 70.02 of the penal law; or (ii) any other offense for which a merit time allowance is not available pursuant to subparagraph (ii) of paragraph (d) of subdivision one of section eight hundred three of the correction law." The 10-year "look-back" period of CPL 440.46 (5) (a) is properly measured from the date of the defendant's resentencing motion (*see People*

*v Brown,* 85 AD3d 940, 941 [2011]; *People v Lashley,* 83 AD3d 868 [2011]).

The Supreme Court denied the defendant's motion for resentencing pursuant to CPL 440.46 on the ground, among others, that he was ineligible for resentencing. The Supreme Court also found that considerations of substantial justice did not warrant the granting of the motion. We conclude that the defendant is eligible for resentencing, but affirm the order denying the defendant's motion on substantial justice grounds.

The defendant contends that his 2006 conviction of criminal sexual act in the third degree does not constitute an "exclusion offense" within the meaning of CPL 440.46 (5) (a) because it occurred after the drug conviction for which he seeks resentencing. Based on our reading of CPL 440.46 (5) (a), we agree with the defendant that the statute was written in contemplation of a situation where the potential exclusion offense was committed prior to the drug offense for which resentencing is sought (*see People v Devivo,* 87 AD3d 794 [2011]). The Legislature used the phrase "previous felony" when referring to the potential exclusion offense, and the tolling provision of the statute uses the phrase "previous felony," which we interpret to mean the potential exclusion offense, and "present felony," which we interpret to mean the drug offense for which the defendant seeks resentencing (CPL 440.46 [5] [a]). The statutory language was not written in anticipation of a situation where the potential exclusion offense was committed after the drug conviction for which the defendant seeks resentencing. Thus, we conclude that the defendant's 2006 conviction of criminal sexual act in the third degree does not constitute an exclusion offense because that offense occurred after the present drug conviction for which the defendant seeks resentencing. As the defendant meets all other requirements for eligibility pursuant to CPL 440.46 (1), he is eligible for resentencing.

However, we conclude that substantial justice dictates the denial of the defendant's motion. A defendant who is eligible for resentencing pursuant to CPL 440.46 enjoys "a presumption in favor of granting a motion for resentencing relief absent a showing that substantial justice dictates the denial thereof" (*People v Beasley,* 47 AD3d 639, 641 [2008]; *see* CPL 440.46 [3]; L 2004, ch 738, § 23). Resentencing is not automatic, and the determination is left to the discretion of the Supreme Court (*see People v Beasley,* 47 AD3d at 641). In exercising its discretion, the Supreme Court may "consider any facts or circumstances relevant to the imposition of a new sentence which are submitted by [the defendant] or the people" (L 2004, ch 738, § 23), includ-

ing the defendant's institutional record of confinement, the defendant's prior criminal history, the severity of the current offense, whether the defendant has shown remorse, and whether the defendant has a history of parole or probation violations (*see People v Overton*, 86 AD3d 4, 12 [2011]).

Here, in light of the defendant's criminal history and his institutional record of confinement, which included 12 tier III and 21 tier II disciplinary infractions for, among other things, fighting, violent conduct, drug use, and sexual offenses, and considering that the defendant was convicted of criminal sexual act in the third degree after his conviction of the drug offense for which he seeks resentencing, the Supreme Court providently exercised its discretion in concluding that substantial justice dictated the denial of the defendant's motion to be resentenced pursuant to CPL 440.46 (*see People v Devivo*, 87 AD3d at 796; *People v Wilson*, 85 AD3d 1069 [2011], *lv denied* 17 NY3d 863 [2011]; *People v Avila*, 84 AD3d 1259 [2011]; *People v Colon*, 77 AD3d 849 [2010]; *People v Pipkin*, 77 AD3d 770 [2010]). Skelos, J.P., Hall, Lott and Cohen, JJ., concur.