*371 OPINION OF THE COURT
Dominic R. Massaro, J.
Defendant Ramell Lankford moves for resentencing pursuant to the Drug Law Reform Act of 2009[1] (see CPL 440.46). Defendant seeks the court’s discretion to resentence him under Penal Law §§ 60.04 and 70.70 and reduce his sentence for a class B felony narcotics conviction under the Rockefeller Drug Laws because the sentence received was excessive and he is eligible for resentencing under the Drug Law Reform Act of 2009 (hereinafter DLRA). Defendant claims eligibility for resentencing even though he was not incarcerated at the time of the within filing.
Mr. Lankford pleaded guilty to one count of criminal possession of a controlled substance in the third degree (see Penal Law § 220.39 [1]) for which he was sentenced to an indeterminate term of 54 months to 9 years’ incarceration. Subsequently, he was released from prison on April 19, 2011, after serving additional time for violating his conditions of release and parole supervision.[2]
Defendant’s Application
While conceding prior case law permitted only a then incarcerated person to be eligible for resentencing under the DLRA, defendant maintains that the Legislature ended that requirement by its March 31, 2011 budgetary merger of the Division of Parole with the Department of Correctional Services to form the Department of Corrections and Community Supervision (DOCCS) (see L 2011, ch 62). Defendant claims the budgetary merger causes unincarcerated parolees to qualify for resentencing the same as imprisoned offenders since the unincarcerated were in the custody of the newly merged DOCCS for resentencing purposes.
*372 Stated another way, defendant argues he is resentencing eligible because CPL 440.46 (1) now provides that he is in “the custody of the department of corrections and community supervision” for resentencing purposes (see also Executive Law § 259-i [2] [b], as amended). Chapter 62 of the Laws of 2011 negates any requirement a movant be incarcerated when seeking DLRA resentencing because of the statutory merger of the two agencies. Further, defendant claims that People v Paulin (17 NY3d 238 [2011]) and People v Santiago (17 NY3d 246 [2011]), support, in dicta, his eligibility for resentencing even though he was not incarcerated at the time of this filing.
Because he is an unincarcerated person now qualifying for resentencing, defendant maintains that he meets the other qualifications needed to apply for relief. Under prior case law, in order to apply for resentencing under CPL 440.46, a person must (1) be in the custody of (former) Department of Correctional Services (DOCS); (2) have been convicted of certain classes of felony offenses defined in article 220 of the Penal Law; (3) have committed the offense prior to January 13, 2005; (4) be serving an indeterminate sentence with the maximum term of more than three years; and (5) not be serving a sentence on a conviction for or have a predicate felony conviction for an excluded offense (see generally People v Overton, 86 AD3d 4 [2d Dept 2011]). Because defendant feels he meets these standards, he says substantial justice dictates that his application be granted (see CPL 440.46 [3]; see generally People v Avila, 27 Misc 3d 974 [Sup Ct, Kings County 2010], affd 84 AD3d 1259 [2d Dept 2011]; see also People v Milton, 86 AD3d 478 [1st Dept 2011]).
Concerning substantial justice, defendant stresses that he should be forgiven his failure to comply with prior drug rehabilitation since those failure(s) occurred when he was a youth. Defendant claims a stellar prison record although he has more than 13 tier II and tier III citations during 2002 to 2006 alone. In summary, defendant asserts that his history, including his good prison record and postrelease progress, support resentencing under the DLRA.
District Attorney’s Opposition
In opposition, the prosecutor claims that “substantial justice” requires denial of resentencing. In this regard, the prosecutor points out that defendant’s conduct does not justify resentencing, either in or out of prison. Significantly, the District Attorney stresses defendant was involved in numerous tier II and *373 tier III disciplinary infractions during his prison time, including charges he possessed a weapon in prison, namely 13 tier II and three tier III violations.
More fundamentally, the People say defendant is ineligible for DLRA resentencing because he was not incarcerated when the resentencing motion was filed. The prosecutor rejects any inference that People v Paulin (supra) and People v Santiago (supra) support defendant’s resentencing. In this regard, the DOCS merger with the Division of Parole is essentially fiscal in nature. Nothing in the 2011 budget bill indicates an intent to alter case law under the DLRA or otherwise affect the requirement that a defendant be incarcerated for relief. In fact, the prosecutor says, the budget bill keeps the Division of Parole as an independent agency. Likewise, the District Attorney rejects defendant’s distinction between “custody” and “legal custody” (see generally Matter of Hawkins v Coughlin, 72 NY2d 158 [1988]) and further rejects defendant’s claim that he remains in custody for resentencing purposes because of the “merger” imposed by the reforms of chapter 62.
Defendant’s Reply
In reply, Mr. Lankford argues that he is eligible for resentencing because the DOCS-Parole merger was in fact a real merger, with consequences. The merger means he was in DOCCS’ custody when resentencing was moved. Likewise, defendant cites plain statutory language as supporting an interpretation resulting in his eligibility and which does not cause an absurd statutory result. Clearly, the only interpretation possible is that defendant is in DOCCS’ custody for resentencing purposes (see generally Doctors Council v New York City Employees’ Retirement Sys., 71 NY2d 669 [1988]).
In support of substantial justice, defendant reminds the court that the bar for complete denial of a resentencing application under the DLRA is a high one (see generally People v Jones, 25 Misc 3d 1238[A], 2009 NY Slip Op 52483[U] [Sup Ct, NY County 2009]). Clearly, circumstances here do not justify denial of resentencing under substantial justice scrutiny (see generally People v Milton, 86 AD3d 478 [2011]).
Legal Discussion
The impetus for drug law reform, including DLRA, was the legislative wisdom that the Rockefeller Drug Laws’ mandated sentences were excessively harsh when applied to street-level offenders who possessed or sold only small quantities of illegal drugs in order to feed their own addiction. The legislators *374 determined that mandated sentences had proved counterproductive in that incarcerating low level offenders was hugely expensive and such lengthy periods of imprisonment were more likely to foil any sincere desire on the offender’s part to overcome his addiction and become a law-abiding member of society. Because the drug law reform acts, including DLRA, embody a legislative effort to reverse the Rockefeller Drug Laws’ effects, the Legislature incorporated a presumption in favor of granting motions for resentencing “unless substantial justice dictates that the application should be denied”[3] (see People v Flores, 27 Misc 3d 1204[A], 2010 NY Slip Op 50543[U], *4 [Sup Ct, Bronx County 2010]).
Notwithstanding, the Legislature determined that in order to apply for resentencing under the present version of CPL 440.46, a person must prove his eligibility, i.e., that he is in DOCCS’ custody at the time of filing the resentencing motion (see generally People v Overton, 86 AD3d 4 [2d Dept 2011]). In this case, the court concludes that defendant fails to convince of his eligibility for resentencing relief because he was not incarcerated at the time the motion was filed. Therefore, movant was not in custody when he prayed for relief in this case.
Case Law
The court finds no case law supporting defendant’s view that he is eligible for resentencing under the DLRA while paroled. To the contrary, case law stresses relief is available only where a petitioner was incarcerated at the time a motion is filed and no change occurred after chapter 62’s enactment (see generally People v Paulin, supra [prisoners paroled then reincarcerated for parole violation eligible for resentencing]; see also People v Baity, 90 AD3d 545 [1st Dept 2011]; People v Taylor, 89 AD3d 1116 [2d Dept 2011]; People v Rodriguez, 89 AD3d 1042 [2d Dept 2011]; People v Martin, 89 AD3d 1039 [2d Dept 2011]). The only other post-merger situations where resentencing is available are where a movant has been released following the filing of a resentencing application (see generally People v Santiago, 17 NY3d 246 [2011]; People v Harvey, 90 AD3d 1415 [3d Dept 2011]; People v Chaires, 89 AD3d 1282 [3d Dept 2011]).
The court rejects any argument that there is no distinction between incarcerated custody and custody where defendant is on parole. The court notes that defendant bases his argument upon the Legislature’s merger of the Division of Parole with the *375 Department of Correctional Services when enacting chapter 62 of the Laws of 2011. The court finds to the contrary that the Legislature, in fact, made clear in that legislation that the merger was not intended to end the Parole Board’s traditional independence. Specifically, chapter 62 states:
“[I]t is not the intent of the legislature in enacting this merger, to diminish in any way the significant roles corrections officers and parole officers serve in the criminal justice system, and it is not to imply that they are interchangeable. The purpose of this legislation is to recognize where the mission of both entities is similar and that by combining the administrations of each, not only can fiscal efficiencies be achieved but also that services can be provided on a continuum rather than an abrupt transfer of responsibility” (see L 2011, ch 62, part C, subpart A, § 1).
Most significantly, the Legislature stressed that
“[i]t is fundamental that the board of parole retain its authority to make release decisions based on the board members’ independent judgment and application of statutory criteria as well as decisions regarding revocations of release. To this end, the legislation makes clear that the board shall continue to exercise its independence when making such decisions. The new agency’s provision of administrative support will not undermine the board’s independent decision-making authority” (see L 2011, ch 62, part C, subpart A, § l).[4]
Based upon the legislative intent expressed in chapter 62, the court finds that defendant is not eligible for resentencing for his Rockefeller Drug Law conviction. After considering the arguments presented, the court agrees with the prosecutor that defendant is ineligible for resentencing and requires that defendant’s application be denied. The court finds that defendant does not satisfy the statutory criteria with regard to eligibility for resentencing. Because of the court’s finding concerning eligibility, the substantial justice issue need not be addressed.
The court notes defendant attempted to excuse leaving the drug program upon a claim that his girlfriend gave birth to his *376 child while he was in the program and he chose to leave for this reason. The court rejects that excuse as well as the excuse of youth upon the same grounds the court (Bernstein, J.) rejected defendant’s option to withdraw his guilty plea in 2002.
Based upon the foregoing, it is ordered that defendant Ramell Lankford’s motion requesting that the court resentence him, pursuant to CPL 440.46 and the recent amendments to Penal Law § 70.70, to a determinate term of imprisonment pursuant to the DLRA because his present sentence is excessive is denied.

. Drug Law Reform Act of 2009, L 2009, ch 56, part AAA, § 9 (eff Oct. 7, 2009). See Mancuso, Comment, Resentencing after the “Fall” of Rockefeller: the Failure of the Drug Law Reform Acts of 2004 and 2005 to Remedy the Injustices of New York’s Rockefeller Drug Laws and the Compromise of 2009, 73 Albany L Rev 1535 (2010).

. As part of the original agreed sentence, defendant was placed under supervision of Treatment Accountability for Safer Communities (TASC) for an 18 month to 24 month residential drug treatment program. On August 17, 2001, TASC advised the court that defendant was not in compliance with the program and was involuntarily returned to court on January 15, 2002, after his rearrest and plea to resisting arrest (Penal Law § 205.30) in Syracuse City Court. Because of failure to complete treatment, defendant was incarcerated until October 15, 2007.

. See L 2004, ch 738, § 23.

. See generally Matter of Thwaites v New York State Bd. of Parole, 34 Misc 3d 694 (Sup Ct, Orange County 2011) (discussion of various procedural changes to Division of Parole arising from L 2011, ch 62); see also Genty, Changes to Parole Laws Signal Potentially Sweeping Policy Shift, NYLJ, Sept. 1. 2011. at 4. col 1.