■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LATTIMORE, Appellant. [939 NYS2d 56]—

Substantial justice does not dictate denial of resentencing, and we exercise our discretion to specify an appropriate resentence (see e.g. People v Milton, 86 AD3d 478 [2011]). Under the circumstances presented, the mitigating factors cited by defendant were not outweighed by the extent of his criminal history.

In 2006, defendant received a prison sentence for the underlying 2001 offense after he failed to complete the drug treatment alternative program to which he was originally diverted. However, defendant stayed in treatment for two and one-half years, successfully completing the residential phase of the treatment program, and his single relapse was satisfactorily explained.

During defendant's imprisonment on the underlying offense he had an exemplary record, he finally completed substance abuse treatment as well as several work programs, he counseled other inmates, and he received positive letters of recommendations from corrections officials. Although defendant has a long criminal history, his last violent felonies occurred over 40 years ago and he has no record of drug trafficking other than at the lowest level. Concur—Mazzarelli, J.P., Andrias, Catterson, Abdus-Salaam and Manzanet-Daniels, JJ.