■ The People of the State of New York, Respondent, v Kenya Bunch, Appellant. [939 NYS2d 892]—

Rose, J. Appeal from an order of the County Court of Schenectady County (Drago, J.), entered January 11, 2011, which denied defendant's motion for resentencing pursuant to CPL 440.46.

In 2003, defendant was convicted upon his plea of guilty of the crimes of attempted criminal sale of a controlled substance in the third degree, a class C drug felony (*see* Penal Law § 110.05 [4]; § 220.39), and welfare fraud in the fifth degree. He was thereafter sentenced to a prison term of 2 to 6 years. In 2005, after his release on parole, defendant was again arrested and ultimately pleaded guilty to criminal possession of a controlled substance in the fifth degree, a class D drug felony (*see* Penal Law § 220.06). Defendant subsequently moved to be resentenced on his 2003 conviction pursuant to CPL 440.46. County Court denied the motion and defendant now appeals.

We affirm. "Pursuant to CPL 440.46 (1), in order to be eligible for resentencing, a defendant must have been convicted of a class B drug felony" (*People v Devivo*, 87 AD3d 794, 795 [2011], *lv denied* 18 NY3d 858 [2011]). Further, although a defendant may also move to be resentenced for class C, D or E felonies, the sentence or sentences on these offenses must have been imposed "at the same time or . . . included in the same order of commitment as such class B felony" (CPL 440.46 [2]). Here, defendant moved to be resentenced on a conviction for a class C drug felony without being convicted of any class B felonies at the same time or having such a conviction included in the order

of commitment. Accordingly, defendant was ineligible for resentencing and his motion was properly denied.

Mercure, A.P.J., Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed.