(May 1, 2012)

■ The People of the State of New York, Respondent, v Fernando Cristostomo, Appellant. [943 NYS2d 468]—

Order, Supreme Court, Bronx County (Nicholas J. Iacovetta, J.), entered November 1, 2010, which denied defendant's CPL 440.46 motion for resentencing, unanimously reversed, on the law, and the matter remitted to the Supreme Court for further proceedings.

While on work release from the drug conviction, defendant committed, and was convicted of, the crime of attempted kidnapping in the first degree, a violent felony. Supreme Court erred in finding that defendant is ineligible for resentencing due to his commission of a violent felony subsequent to the drug offense (*see People v Allen*, 92 AD3d 980 [2012]; *People v Myles*, 90 AD3d 952 [2011]; *People v Devivo*, 87 AD3d 794 [2011], *lv denied* 18 NY3d 858 [2011]; *see also People v Suya*, 87 AD3d 921 [2011], *lv denied* 17 NY3d 956 [2011] [People conceded that defendant's conviction for a class C violent felony offense subsequent to the drug offense did not constitute an "exclusion offense" that rendered him ineligible for resentencing pursuant to CPL 440.46 (5)]).

The resentencing provisions do not apply to "any person who is serving a sentence on a conviction for or has a predicate felony conviction for an exclusion offense" (CPL 440.46 [5]). Under the relevant portion of CPL 440.46 (5) (a), an "exclusion offense" that disqualifies a defendant from resentencing is defined as a violent felony "for which the person was previously convicted within the preceding ten years, excluding any time during which the offender was incarcerated for any reason be-

tween the time of commission of the previous felony and the time of commission of the present felony."

The statutory language "predicate felony," "previous felony," and "present felony" indicates that this portion of CPL 440.46 was not written to anticipate the situation where the offense was committed after the drug conviction, such as while the defendant was out on parole or work release (*see People v Devivo*, 87 AD3d at 795-796). " '[N]ew language cannot be imported into a statute to give it a meaning not otherwise found therein.' . . . Moreover, 'a court cannot amend a statute by inserting words that are not there, nor will a court read into a statute a provision which the Legislature did not see fit to enact' " (*Matter of Chemical Specialties Mfrs. Assn. v Jorling*, 85 NY2d 382, 394 [1995], quoting McKinney's Cons Laws of NY, Book 1, Statutes § 94, at 190; § 363, at 525; *see also People v Hill*, 82 AD3d 77, 80 [2011]).

The People argue here, as they did in *People v Paulin* (17 NY3d 238 [2011]), that a literal application of the statutory language would cause an absurd result, because the Legislature could not have intended for a defendant who commits a violent felony while on work release from a drug sentence to be eligible for resentencing on that drug conviction. *Paulin* involved prisoners who had been paroled and then reincarcerated for violating their parole, and there is no provision in CPL 440.46 making reincarcerated parole violators ineligible for resentencing. The Court rejected the People's argument that permitting these defendants to apply for resentencing would have the absurd result of rewarding them for parole violations, and declined to read into the statute a nontextual exception for parole violators, reasoning that if defendants did not deserve relief from their sentences, the court can deny their resentencing applications if "substantial justice dictates that the application should be denied" (*id.* at 244). That same reasoning applies here. We decline to graft onto the statute an exception not included by the Legislature, especially when defendant's resentencing application may be denied on the "substantial justice" ground included in the statute. Because Supreme Court found that defendant was ineligible for resentencing due to an exclusion offense, it did not reach the issue of whether the application should be denied based on considerations of substantial justice. We accordingly remit to the Supreme Court for further proceedings. Concur—Tom, J.P., Moskowitz, Richter, Abdus-Salaam and Román, JJ.