Order, Supreme Court, New York County (Patricia Núñez, J.), entered on or about November 18, 2010, which denied defendant’s CPL 440.46 motion for resentencing, unanimously reversed, as a matter of discretion in the interest of justice, the motion granted, the order replaced by an order specifying and informing defendant of a proposed sentence of five years plus two years’ postrelease supervision, and the matter remanded for further proceedings.
Substantial justice does not dictate denial of resentencing, and we exercise our discretion to specify an appropriate resentence (see e.g. People v Milton, 86 AD3d 478 [2011]). The court denied the motion primarily on the basis of defendant’s history of failing to complete the residential drug treatment alternative programs to which he had been diverted in 2000 in connection with the underlying offense, resulting in an escalation of enhanced sentences. However, despite defendant’s relapses he managed to stay drug-free in the programs for extended periods of time. Moreover, defendant was only 16 years old at the time of the underlying arrest.
Defendant has made significant strides toward drug rehabilitation during his present imprisonment, and his disciplinary record is not particularly serious. He has taken vocational courses while in prison, and has strong family support, including a place to live upon release and help obtaining future employment. We further note that defendant has no history of violence either in or out of prison, and the remainder of his adult criminal history consists of convictions arising out of an additional street-level drug sale and bail jumping that occurred during his periods of relapse. Concur — Gonzalez, P.J., Tom, Andrias, Acosta and Freedman, JJ.