THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON ARROYO, Appellant. [952 NYS2d 42]—

Because this State's Legislature wanted to grant relief from the harsh punishment imposed upon nonviolent drug offenders under the Rockefeller Drug Laws, the Drug Law Reform Act (DLRA) of 2009 (L 2009, ch 56, § 1, part AAA, § 9), codified in part at CPL 440.46, permits a criminal defendant imprisoned for class B drug felonies committed while the Rockefeller Drug Laws were in force to apply for resentencing under the current, less severe sentencing regime (*People v Paulin*, 17 NY3d 238, 243-244 [2011]). Specifically CPL 440.46 (1) states that "[a]ny person in the custody of the department of corrections and community supervision convicted of a class B felony offense defined in article two hundred twenty of the penal law which was committed prior to January thirteenth, two thousand five, who is serving an indeterminate sentence with a maximum term of more than three years, may, except as provided in subdivision five of this section, upon notice to the appropriate district attorney, apply to be resentenced to a determinate sentence in accordance with sections 60.04 and 70.70 of the penal law in the court which imposed the sentence."

While resentencing under the 2009 DLRA is not mandatory, and is instead left to the Supreme Court's discretion (*People v Myles*, 90 AD3d 952, 953 [2d Dept 2011]; *People v Gonzalez*, 29 AD3d 400, 400 [1st Dept 2006], *lv denied* 7 NY3d 867 [2006]), the statute creates a presumption in favor of resentencing, and absent an exclusion expressly listed in the statute (*see* CPL 440.46 [5]), denial of an application for resentencing is warranted only upon a showing that substantial justice dictates it (*Myles*, 90 AD3d at 953; *People v Berry*, 89 AD3d 954, 955 [2d Dept 2011]; *People v Beasley*, 47 AD3d 639, 641 [2d Dept 2008]; *Gonzalez*, 29 AD3d at 400). When determining whether to grant resentencing, the court can consider any and all facts relevant to the imposition of a new sentence, including the defendant's willingness to participate in drug treatment while incarcerated (*People v Avila*, 84 AD3d 1259, 1259 [2d Dept 2011], *lv denied* 17 NY3d 804 [2011]), defendant's institutional record of confinement, the defendant's prior criminal history, the severity of the conviction for which resentencing is sought, whether the de-

fendant has shown remorse, and the defendant's history of parole or probation violations (*Myles*, 90 AD3d at 953-954).

Here, in 2003 defendant pleaded guilty to two counts of criminal sale of a controlled substance in the third degree. Provided he completed a drug treatment program, defendant would be allowed to withdraw his plea, replead to a class C felony, and be sentenced to probation. In 2004, however, while in the drug treatment program, defendant was once again arrested and convicted of attempted robbery in the second degree. The robbery arrest constituted a violation of his plea agreement on the previous drug convictions and accordingly, defendant was sentenced to two concurrent indeterminate prison terms of 2 to 6 years on the drug convictions and to a determinate one-year prison term on the robbery conviction.

In 2007, while defendant was on parole for his drug convictions, he was once again arrested and convicted of attempted conspiracy in the second degree, for which he received an indeterminate prison term of 3 to 6 years. While in prison, defendant successfully completed a comprehensive drug treatment program and took educational courses. However, while incarcerated, defendant committed eight tier II infractions and seven tier III infractions. Several of defendant's infractions were for drug use, one infraction was for possession of a weapon, and another was for creating a flood condition.

Given defendant's criminal record, involving two felony convictions subsequent to the convictions for which he seeks resentencing (one occurring while he was on parole), and his poor infraction history (eight tier II and seven tier III infractions), the motion court, in the exercise of its discretion, properly denied defendant's application for resentencing (*see Gonzalez*, 29 AD3d at 400 [order denying resentencing affirmed, where defendant was rearrested and convicted of a new drug-related crime while on parole and had a poor disciplinary history while incarcerated]; *Myles*, 90 AD3d at 954 [resentencing denied, given defendant's poor disciplinary history, which included several tier II and III infractions, and his felony conviction, which occurred after the conviction for which he sought resentencing]).

Contrary to defendant's assertion, *People v Milton* (86 AD3d 478 [1st Dept 2011]) does not warrant a reversal of the Supreme Court's order, as the facts there are easily distinguishable. In *Milton*, we held that resentencing was warranted, despite the defendant's failure to complete a drug treatment program and his poor disciplinary history while incarcerated (*id.* at 478). Here, however, not only does defendant have a poor disciplinary

history, including multiple tier III infractions, but after his convictions for the crimes for which he seeks resentencing, he was arrested and convicted of felonies twice—once while in a drug treatment program and then again while on parole. Thus, the defendant here has demonstrated that even when given ample opportunity, he has not been capable of refraining from criminal behavior. Therefore, substantial justice dictates that resentencing be denied. Concur—Gonzalez, P.J., Saxe, DeGrasse, Freedman and Román, JJ.