Appeal by the defendant from an order of the Supreme Court, Queens County (Margulis, J.), dated June 6, 2012, which denied, without a hearing, his motion to be resentenced pursuant to CPL 440.46 upon his conviction of criminal sale of a controlled substance in the third degree, which sentence was originally imposed, upon his plea of guilty, on June 7, 2004.
Ordered that the order is affirmed.
The 2009 Drug Law Reform Act, codified at CPL 440.46, provides that “[a]ny person in the custody of the department of corrections and community supervision convicted of a class B felony offense defined in article two hundred twenty of the penal law which was committed prior to [January 13, 2005], who is serving an indeterminate sentence with a maximum term of more than three years, may . . . apply to be resentenced” (CPL 440.46 [1]).
However, the resentencing provisions of CPL 440.46 do not apply “to any person who is serving a sentence on a conviction for or has a predicate felony conviction for an exclusion offense” (CPL 440.46 [5]). As relevant here, CPL 440.46 (5) (a) defines an “exclusion offense” as “a crime for which the person was previously convicted within the preceding ten years, excluding any time during which the offender was incarcerated for *624 any reason between the time of commission of the previous felony and the time of commission of the present felony, which was ... a violent felony offense as defined in section 70.02 of the penal law” {id.). The 10-year “look-back” period of CPL 440.46 (5) (a) is properly measured from the date of the defendant’s resentencing motion (see People v Sosa, 18 NY3d 436, 440 [2012]; People v Brown, 85 AD3d 940, 941 [2011]; People v Lashley, 83 AD3d 868 [2011]).
The Supreme Court denied the defendant’s motion for resentencing pursuant to CPL 440.46 on the ground that he was ineligible for resentencing. The Supreme Court also found that considerations of substantial justice warranted the denial of the motion. Although we conclude that the defendant is eligible for resentencing, we affirm the order denying the defendant’s motion, since we agree with the Supreme Court that considerations of substantial justice warranted the denial of the motion.
We agree with the defendant that his convictions of two counts of robbery in the first degree, a violent felony offense as defined in Penal Law § 70.02 (1) (a), did not constitute an “exclusion offense” within the meaning of CPL 440.46 (5) (a) because he committed those offenses after committing the drug offense for which he seeks resentencing (see People v Myles, 90 AD3d 952, 953 [2011]; People v Devivo, 87 AD3d 794, 795 [2011]). Furthermore, the defendant was convicted and sentenced on the robbery convictions after he was convicted and sentenced on the present drug offense. As a result, the robbery convictions cannot be characterized as “previous felon[ies]” within the meaning of CPL 440.46 (5) (a) and, thus, do not constitute exclusion offenses (see People v Myles, 90 AD3d at 953; see also People v Cristostomo, 95 AD3d 401, 402 [2012]). As the defendant meets all other requirements for eligibility pursuant to CPL 440.46 (1), he is eligible for resentencing.
However, in light of the defendant’s criminal history, convictions of robbery in the first degree, parole violations, and institutional record of confinement, the Supreme Court providently exercised its discretion in concluding that considerations of substantial justice dictated the denial of the defendant’s motion (see People v Darwin, 102 AD3d 807, 808 [2013]; People v Myles, 90 AD3d at 954; People v Devivo, 87 AD3d at 796). Although the defendant successfully completed substance abuse, educational, and vocational programs while incarcerated, this evidence of rehabilitation does not outweigh the defendant’s violent felony convictions, parole violations, and institutional record (see People v Cabrera, 103 AD3d 748 [2013]; People *625 v Franklin, 101 AD3d 1148, 1149 [2012]; cf. People v Concepcion, 85 AD3d 811 [2011]).
The defendant’s remaining contention is unpreserved for appellate review and, in any event, without merit. Mastro, J.E, Hall, Lott and Sgroi, JJ., concur.