■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO CRISTOSTOMO, Appellant. [974 NYS2d 403]—

Order, Supreme Court, Bronx County (Nicholas Iacovetta, J.), entered August 24, 2012, which denied defendant's CPL 440.46 motion for resentencing, unanimously affirmed.

The court properly exercised its discretion in determining that substantial justice dictated denial of the motion (see e.g. People v Gonzalez, 29 AD3d 400 [2006], lv denied 7 NY3d 867 [2006]). Courts may deny the applications of persons who "have shown by their conduct that they do not deserve relief from their sentences" (People v Paulin, 17 NY3d 238, 244 [2011]). The resentencing statute "involves a complex balancing of several sets of compelling and in some respects competing concerns" (People v Sosa, 18 NY3d 436, 442 [2012]), requiring the "exercise of judicial discretion to determine whether relief to an eligible applicant is in the end consonant with the dictates of substantial justice" (id. at 443).

The underlying conviction involved a series of undercover sales, made over a period of several months, in which the amounts of drugs sold and the surrounding circumstances indicated that defendant was not a low level seller. Furthermore, defendant committed a very serious violent felony while on work release from his drug conviction, and he had a poor prison disciplinary record. These negative factors far outweighed the positive factors cited by defendant, such as his educational and

vocational accomplishments while incarcerated, his expressions of remorse for his criminal actions and the support of his family members. Concur—Tom, J.P., Andrias, Friedman, Freedman and Clark, JJ.