Rose, J.
Appeal from an order of the County Court of Broome County (Smith, J.), entered June 18, 2013, which denied defendant’s motion for resentencing pursuant to CPL 440.46.
In 1999, defendant was convicted upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree and sentenced to a prison term of 4V2 to 9 years. He moved in 2010 for resentencing under the Drug Law Reform Act of 2009 (L 2009, ch 56, as codified in CPL 440.46). We previously reversed an order of County Court finding defendant to be ineligible for resentencing due to his commission of a violent felony offense while on parole from the above conviction (People v Allen, 92 AD3d 980 [2012]). County Court thereafter conducted a hearing and denied defendant’s application in an oral decision. We dismissed the appeal therefrom and remitted so that a written order could be issued (People v Allen, 106 AD3d 1340 [2013]). County Court did so and again denied the application, prompting defendant’s appeal.
We affirm. While parole violators may indeed apply for resentencing, denial of such an application may be warranted if they “have shown by their conduct that they do not deserve relief from their sentences” (People v Paulin, 17 NY3d 238, 244 [2011]; accord People v Devivo, 87 AD3d 794, 796 [2011], lv denied 18 NY3d 858 [2011]). Defendant has a violent criminal history and, indeed, his most recent criminal conviction and parole violation stem from his possession of a defaced and loaded handgun. The record further reveals that defendant has a lengthy record of serious prison disciplinary infractions, many of them involving violence. We thus find that, notwithstanding defendant’s positive programming achievements while incarcerated, “County Court properly exercised its discretion in finding that substantial justice would not be served by resentencing” him (People v Graham, 97 AD3d 845, 845 [2012]; see CPL 440.46 [3]; People v Devivo, 87 AD3d at 796).
Peters, PJ., Lahtinen and Garry, JJ., concur.
Ordered that the order is affirmed.