People v Scott
2026 NY Slip Op 03702
June 11, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Rashad H. Scott, Appellant.

Decided and Entered:June 11, 2026
CR-24-0111
Calendar Date: April 29, 2026
Before: Aarons, J.P., Pritzker, Mackey And Corcoran, JJ.

Rashad H. Scott, Stormville, appellant pro se.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

[*1]
Aarons, J.P.
Appeal from an order of the County Court of Schenectady County (Matthew Sypniewski, J.), entered May 3, 2023, which denied defendant's application for resentencing pursuant to CPL 440.46.
In 1998, defendant was convicted of, among other things, criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree. In October 1998, defendant was sentenced to concurrent prison terms of 7 to 21 years for his felony drug convictions. In May 1999, defendant was convicted of, among other things, two counts of murder in the second degree based upon crimes that he committed in 1997 (People v Scott, 294 AD2d 661, 661 [3d Dept 2002], lv denied 98 NY2d 732 [2002]). Upon his 1999 conviction, defendant was sentenced to an aggregate indeterminate prison term of 63 5/6 years to life (id. at 663), to be served consecutively to the sentence he was already serving on his 1998 drug conviction. In March 2023, defendant moved to be resentenced on his 1998 drug conviction pursuant to the Drug Law Reform Act of 2009 (see L 2009, ch 56, as codified in CPL 440.46 [hereinafter DLRA]). County Court denied the application, finding defendant ineligible for DLRA resentencing because his 1999 murder conviction constitutes an "exclusion offense" (CPL 440.46 [5]). Defendant appeals. We reverse.
In order to be eligible for resentencing under the DLRA, a defendant must have been convicted of a class B drug felony that was committed prior to January 13, 2005 and must be serving an indeterminate sentence with a maximum term of more than three years (see CPL 440.46 [1]). The resentencing provisions do not apply, however, to "any person who is serving a sentence on a conviction for or has a predicate felony conviction for an exclusion offense" (CPL 440.46 [5]). In turn, an "exclusion offense" is defined as "a crime for which the person was previously convicted within the preceding [10] years, excluding any time during which the offender was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony, which was: (i) a violent felony offense as defined in [Penal Law § 70.02]; or (ii) any other offense for which a merit time allowance is not available pursuant to [Correction Law § 803 (1) (d) (ii)]" (CPL 440.46 [5] [a] [emphasis added]; accord People v Golo, 26 NY3d 358, 361 [2015]).
Defendant contends that he is eligible for resentencing given that his 1999 murder conviction does not constitute an exclusion offense within the meaning of CPL 440.46 (5) (a) because it occurred after his 1998 drug conviction. We agree. Initially, we note that "[g]iven the provision's references to a 'previous' felony and the 'present' felony, the wording of the statute indicates that exclusion offenses must have been committed before the drug offense for which resentencing is sought" (People v Golo, 26 NY3d at 361-362; see People v Myles, 90 AD3d 952, 953 [2d Dept 2011], lv [*2]denied 19 NY3d 1104 [2012]; People v Devivo, 87 AD3d 794, 795-796 [3d Dept 2011], lv denied 18 NY3d 858 [2011]). Indeed, defendant's "previous felony" of second-degree murder occurred in 1997, and that offense is one for which merit time is unavailable,FN1 and for which he is currently "serving a sentence" (CPL 440.46 [5]). Nevertheless, in this case, second-degree murder is not an exclusion offense because he was convicted of that crime in 1999, and thus he was not "previously convicted" of second-degree murder when he was convicted in 1998 of the drug crimes for which he seeks resentencing (CPL 440.46 [5]; see Correction Law § 803 [1] [d] [ii]; People v Golo, 26 NY3d at 362).
Alternatively, and contrary to the People's contention, defendant's incarceration since his arrest for murder does not bring his 1997 crimes or subsequent 1999 conviction for those crimes within the 10-year lookback period (see CPL 440.46 [5]). The statute, as authoritatively interpreted, defines an exclusion offense as one that was committed in the 10 years preceding the resentencing application, "excluding any time during which the offender was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony" (CPL 440.46 [5] [a] [emphasis added]; see People v Sosa, 18 NY3d 436, 441 [2012]). That is, the Legislature excluded from the calculation of the 10-year lookback period "only pre-drug felony incarceration time" (People v Sosa, 18 NY3d at 442). Even if, as the People represent, defendant has been incarcerated since he was arrested (presumably) in 1997 up to the present, only the period of incarceration prior to his commission of qualifying drug felonies in 1998 would be excluded. Because the 10-year lookback period in this case extends only back to March 2013, defendant's 1997 crimes do not render him ineligible for DLRA resentencing (see People v Brown, 85 AD3d 940, 941 [2d Dept 2011], lv denied 18 NY3d 955 [2012]).
Although we acknowledge our conclusion is anomalous, the statute as written " 'countenances the disparity and is not properly rewritten to accord more perfectly with judicial or prosecutorial notions of consistency' " (People v Golo, 26 NY3d at 362, quoting People v Sosa, 18 NY3d at 442). Accordingly, the matter must be remitted to County Court for further resentencing proceedings in accordance with the procedure set forth in CPL 440.46. Defendant's remaining contentions are academic.
Pritzker, Mackey and Corcoran, JJ., concur.
ORDERED that the order is reversed, on the law, and matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1
The Legislature did not designate second-degree murder as a "violent felony offense" so as to permit imposition of an enhanced sentence (Penal Law § 70.02 [1] [a]). Second-degree murder is a class A-I felony, which already exposes a defendant to one of the lengthiest sentences available under the Penal Law: a mandatory minimum of 15 to 25 years in prison, and a mandatory maximum of life in prison (see Penal Law §§ 70.00 [1], [2] [a]; [3] [a] [i]; 125.25). The People represent that defendant was sentenced to 25 years to life in prison on each of his murder convictions in 1999.