■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SANTANA, Appellant. [852 NYS2d 73]—

Judgment, Supreme Court, Bronx County (Margaret Clancy, J.), rendered February 23, 2006, convicting defendant, after a jury trial, of five counts of criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to concurrent terms of 10 to 20 years, unanimously affirmed.

Testimony regarding a narcotics sale by a codefendant in defendant's presence did not deprive defendant of a fair trial. The evidence in question was relevant to a conspiracy count in the indictment that was still pending at that point in the trial, and evidence of the codefendant's conduct was not prejudicial to defendant (*see People v Delacruz*, 24 AD3d 109 [2005], *lv denied* 6 NY3d 775 [2006]). Furthermore, the court's limiting instruction was sufficient to prevent any possibility of prejudice.

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Friedman, Sweeny and Moskowitz, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN ROBLES, Appellant. [849 NYS2d 886]—Order, Supreme Court, New York County (Daniel P. FitzGerald, J.), entered on or about April 19, 2005, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

Defendant did not establish mitigating factors, not otherwise adequately taken into account by the guidelines, that warranted a downward departure from his presumptive risk level (*see People v Guaman*, 8 AD3d 545 [2004]). Concur—Andrias, J.P., Friedman, Sweeny and Moskowitz, JJ.