■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CECIL BROWN, Appellant. [925 NYS2d 161]—

Appeal by the defendant from an order of the Supreme Court, Queens County (Erlbaum, J.), dated March 12, 2010, which, without a hearing, denied his motion for resentencing pursuant to CPL 440.46 on his conviction of criminal sale of a controlled substance in the third degree, which sentence was originally imposed by the same court (Rotker, J.), after a jury trial, on June 10, 1993.

Ordered that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for further proceedings and a new determination of the motion.

Contrary to the People's contention, the defendant's release to parole did not render the instant appeal academic (*see People v Overton*, 86 AD3d 4 [2d Dept 2011]; *but see People v Orta*, 73 AD3d 452 [2010]). On the merits, we find that the Supreme Court erred in determining that the defendant was ineligible for resentencing pursuant to the Drug Law Reform Act of 2009, codified in CPL 440.46.

"In order to be eligible for resentencing under CPL 440.46, a defendant must be in the custody of the department of correctional services, must have been convicted of a class B felony drug offense under article 220 of the Penal Law that was committed prior to January 13, 2005, and must be serving an indeterminate sentence with a maximum of more than three years" (*People v Williams*, 82 AD3d 796, 796 [2011]; *see* CPL 440.46 [1]). However, the resentencing provisions of CPL 440.46 do not apply "to any person who is serving a sentence on a conviction for or has a predicate felony conviction for an exclusion offense" (CPL 440.46 [5]). CPL 440.46 (5) (a) defines an "exclusion offense" as "a crime for which the person was previously convicted within the preceding ten years, excluding any time during which the offender was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony, which was: (i) a violent felony offense as defined in section 70.02 of the penal law; or (ii) any other offense for which a merit time allowance is not available pursuant to subparagraph (ii) of paragraph (d) of subdivision one of section eight hundred three of the correction law."

The 10-year "look-back" period of CPL 440.46 (5) (a) is properly measured from the date of the defendant's resentencing motion, rather than from the date that he committed the present drug felony (*see People v Lashley*, 83 AD3d 868 [2011]; *People v Williams*, 82 AD3d 796 [2011]; *People v Hill*, 82 AD3d 77 [2011]; *People v Sosa*, 81 AD3d 464 [2011], *lv granted* 16 NY3d 863 [2011]).

Here, at the time the defendant filed his motion for resentencing, he was in the custody of the New York State Department of Correctional Services, was convicted of a class B felony drug offense under article 220 of the Penal Law that was committed prior to January 13, 2005, and was serving an indeterminate sentence with a maximum of more than three years (*see* CPL 440.46 [1]; *People v Overton*, 86 AD3d 4, 13 [2011]). Furthermore, when measured from the date of the defendant's October 2009 motion for resentencing, his March 1984 conviction of manslaughter in the first degree, a class B violent felony, and his July 1995 conviction of manslaughter in the second degree, an offense for which a merit time allowance is not available pursuant to Correction Law § 803 (1) (d) (ii), were outside the 10-year look-back period and, thus, do not disqualify him from eligibility for resentencing pursuant to CPL 440.46 (*see People v Lashley*, 83 AD3d 868 [2011]).

The People's remaining contentions are without merit.

942

Accordingly, the defendant is eligible for resentencing pursuant to CPL 440.46, and the matter must be remitted the Supreme Court, Queens County, for further proceedings and a new determination of the motion. Dillon, J.P., Leventhal, Hall and Lott, JJ., concur.