■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY CARTER, Appellant. [926 NYS2d 328]—

Mercure, J.P.

On October 31, 1997, defendant was convicted upon his plea of guilty of three counts of criminal sale of a controlled substance in the third degree, and sentenced to an aggregate prison term of 9 to 18 years. On July 23, 2010, defendant applied for resentencing pursuant to CPL 440.46. County Court denied defendant's application, finding that he was ineligible for resentencing based upon a prior violent felony conviction on October 7, 1987. County Court reasoned that, excluding the period of incarceration on the 1987 offense, defendant's convictions occurred within a 10-year period. Defendant appeals.

The resentencing provisions of CPL 440.46 do "not apply to any person who is serving a sentence on a conviction for or has a predicate felony conviction for an exclusion offense" (CPL 440.46 [5]). An "exclusion offense" is "a crime for which the person was previously convicted within the preceding [10] years, excluding any time during which the offender was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony, which

was . . . a violent felony offense as defined in section 70.02 of the penal law" (CPL 440.46 [5] [a] [i]). The sole issue before us is whether the 10-year look-back period is to be measured from the date of the commission of the offense for which defendant seeks resentencing or from the date of the motion for resentencing.

In their brief before us, the People now agree with defendant that the look-back period runs from the date of the application for resentencing. Moreover, we are in agreement with the reasoning of the other Departments of the Appellate Division and join in their conclusion that both the plain language and the ameliorative purpose of the statute dictate that the look-back period be measured from the date of the motion for resentencing (*see People v Hill*, 82 AD3d 77, 79-80 [4th Dept 2011]; *People v Sosa*, 81 AD3d 464, 465 [1st Dept 2011], *lv granted* 16 NY3d 863 [2011]; *see also People v Williams*, 82 AD3d 796, 797 [2d Dept 2011]). In contrast, County Court's determination that defendant is not eligible for resentencing was improperly based upon a calculation of the 10-year look-back period from the date of the commission of the present offense rather than the date of the application for resentencing. As the People concede, the order must accordingly be reversed and the matter remitted for further proceedings.

Peters, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the order is reversed, on the law, and matter remitted to the County Court of Columbia County for further proceedings not inconsistent with this Court's decision.