# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1089**
**KA 10-00160**
PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

DERON BOSTIC, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT B. HALLBORG, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), entered August 16, 2010 pursuant to the 2009 Drug Law Reform Act. The order denied defendant's application to be resentenced upon defendant's 2006 conviction of criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: Defendant appeals from an order denying his application for resentencing pursuant to CPL 440.46, the 2009 Drug Law Reform Act. The People correctly concede that Supreme Court erred in concluding that defendant is ineligible for resentencing on the ground that he had a prior conviction for an "exclusion offense" defined in CPL 440.46 (5) (a) (1). The court calculated the look-back period of 10 years set forth in that statute from the date that defendant committed the crime for which he was applying to be resentenced, rather than from the date of filing of the application for resentencing (*see People v Reeb*, 82 AD3d 1620; *People v Hill*, 82 AD3d 77, 79-80). We therefore reverse the order, and we remit the matter to Supreme Court to determine whether defendant's application was premature when filed and, if so, when the application will become ripe for adjudication. Upon remittal, the court must first ascertain the date on which defendant's prior violent felony offense occurred. The court must then ascertain the time period that defendant was incarcerated for that prior violent felony offense, which the court must exclude when calculating whether the prior violent felony offense took place within the 10-year period preceding the date on which the application for resentencing was filed (*see Reeb*, 82 AD3d 1620).

Entered: November 10, 2011                    Patricia L. Morgan
                                              Clerk of the Court