THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELVIS RODRIGUEZ, Appellant. [933 NYS2d 565]—

The County Court erred in determining that the defendant was ineligible for resentencing pursuant to the Drug Law Reform Act of 2009, codified in CPL 440.46. At the time the defendant filed his motion for resentencing he was in the custody of the New York State Department of Corrections and Community Supervision, was convicted of a class B felony drug offense under article 220 of the Penal Law that was committed prior to January 13, 2005, and was serving an indeterminate sentence with a maximum of more than three years (*see* CPL 440.46 [1]).

Contrary to the County Court's determination, the defendant's status as a reincarcerated parole violator did not render him ineligible for relief pursuant to CPL 440.46 (*see People v Paulin*, 17 NY3d 238 [2011]; *People v Phillips*, 82 AD3d 1011 [2011]).

Accordingly, the defendant is eligible for resentencing pursuant to CPL 440.46, and the matter must be remitted to the County Court, Orange County, for further proceedings pursuant to CPL 440.46.

We note that since the appeal is from the order denying the defendant's motion for resentencing only, the defendant may not challenge his underlying plea on this appeal (*see People v Benoit*, 83 AD3d 728 [2011]). Angiolillo, J.P., Hall, Austin and Miller, JJ., concur.