■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK PRINCE, Appellant. [937 NYS2d 866]—

"In order to be eligible for resentencing under CPL 440.46, a defendant must be in the custody of the department of correctional services, must have been convicted of a class B felony drug offense under article 220 of the Penal Law that was committed prior to January 13, 2005, and must be serving an indeterminate sentence with a maximum of more than three years" (*People v Williams*, 82 AD3d 796, 796 [2011]; *see* CPL 440.46 [1]). However, the resentencing provisions of CPL 440.46 do not

apply "to any person who is serving a sentence on a conviction for or has a predicate felony conviction for an exclusion offense" (CPL 440.46 [5]). CPL 440.46 (5) (a) defines an "exclusion offense" as "a crime for which the person was previously convicted within the preceding ten years, excluding any time during which the offender was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony, which was: (i) a violent felony offense as defined in section 70.02 of the penal law; or (ii) any other offense for which a merit time allowance is not available pursuant to subparagraph (ii) of paragraph (d) of subdivision one of section eight hundred three of the correction law."

The 10-year "look-back" period of CPL 440.46 (5) (a) is properly measured from the date of the defendant's resentencing motion, rather than from the date that he committed the present drug felonies (*see People v Brown*, 85 AD3d 940, 941 [2011]; *People v Williams*, 82 AD3d 796 [2011]).

Here, as the People correctly concede, the County Court improperly measured the 10-year "look-back" period from the date the defendant committed the instant drug felonies. When properly measured from the date of the defendant's resentencing motion, made effectively on October 7, 2009, to his July 1996 conviction for attempted robbery in the second degree, excluding time spent incarcerated between the commission of that felony and the instant drug felonies, the defendant's conviction for attempted robbery in the second degree falls outside the 10-year "look-back" period and, thus, does not disqualify him from eligibility for resentencing pursuant to CPL 440.46 on his convictions of criminal sale of a controlled substance in the third degree, criminal sale of a controlled substance in the fourth degree, and criminal sale of a controlled substance in the fifth degree under superior court information No. 1453N/04 (*see People v Brown*, 85 AD3d at 941).

Accordingly, we remit this matter to the County Court, Nassau County, for further proceedings and a new determination of the defendant's motion. Upon remittal, the County Court shall assign counsel to the defendant, which it previously failed to do as required by CPL 440.46 (4) (*see People v Coleman*, 83 AD3d 1223 [2011]).

The defendant's remaining contention is not properly before this Court. Mastro, A.P.J., Florio, Balkin and Chambers, JJ., concur.