[963 NE2d 1235, 940 NYS2d 534]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GILBERTO SOSA, Respondent.

Argued January 12, 2012; decided February 14, 2012

**POINTS OF COUNSEL**

*Cyrus R. Vance, Jr., District Attorney*, New York City (*David P. Stromes* and *Christopher P. Marinelli* of counsel), for appellant. I. The 2009 Drug Law Reform Act proscribes resentencing for any offender who has a violent felony conviction within the 10 years preceding the commission of his instant drug felony, excluding time spent incarcerated since the commission of the violent felony offense. (*People v Wright*, 78 AD3d 474, 16 NY3d 801; *People v Cagle*, 7 NY3d 647; *People v Dozier*, 163 AD2d 220, 78 NY2d 242; *People v Collado*, 73 AD3d 608.) II. Both the Criminal Procedure Law and the Drug Law Reform Act of 2009 clearly authorize the People to appeal from a resentence on the ground that the resentencing was invalid as a matter of law. (*People v Then*, 47 AD3d 404, 11 NY3d 527; *People v Rodriguez*, 40 AD3d 512, 9 NY3d 920; *People v Smith*, 23 AD3d 280, 7 NY3d 398; *People v Bautista*, 7 NY3d 838; *People v Laing*, 79 NY2d 166.)

*Center for Appellate Litigation*, New York City (*Barbara Zolot* and *Robert S. Dean* of counsel), for respondent. I. As the Drug Law Reform Act of 2009 does not authorize the People to appeal a grant of resentencing to the Appellate Division, that court's

order must be dismissed, thereby nullifying the basis for the People's appeal to this Court and requiring its dismissal. (*People v Bautista*, 7 NY3d 838; *People v De Jesus*, 54 NY2d 447; *People v Reed*, 276 NY 5; *People v Marra*, 13 NY2d 18; *Matter of State of New York v King*, 36 NY2d 59; *People v Laing*, 79 NY2d 166; *Matter of Santangello v People*, 38 NY2d 536.) II. Criminal Procedure Law § 440.46 (5) (a)'s plain language and precisely defined tolling period, ameliorative purpose, concern for public safety, and the overwhelming weight of authority compel affirmance of the Appellate Division's look-back rule, which measures "the preceding ten years" from the present, not from the commission date of the drug offense. (*People v Kisina*, 14 NY3d 153; *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577; *People v Paulin*, 17 NY3d 238; *People v Santiago*, 17 NY3d 246; *People v Lashley*, 83 AD3d 868; *People v Hill*, 82 AD3d 77; *Matter of Alonzo M. v New York City Dept. of Probation*, 72 NY2d 662; *Paramount Communications v Gibraltar Cas. Co.*, 90 NY2d 507; *People v Cagle*, 7 NY3d 647; *People v Quinones*, 12 NY3d 116.)

## OPINION OF THE COURT

Chief Judge LIPPMAN.

Under the Drug Law Reform Act of 2009 (L 2009, ch 56 [codified in relevant part at CPL 440.46] [hereinafter DLRA-3]), certain defendants serving indeterminate sentences imposed pursuant to the now repealed Rockefeller Drug Laws for class B drug felonies may apply for resentencing. The acknowledged purpose of this remedial legislation is to afford relief to low-level, non-violent drug offenders originally sentenced under a scheme that often mandated " 'inordinately harsh punishment' " (*see People v Paulin*, 17 NY3d 238, 244 [2011], quoting Assembly Sponsor's Mem, Bill Jacket, L 2004, ch 738, at 6). The focus of this appeal is upon one threshold condition of eligibility for relief under DLRA-3, namely, that the applicant for resentencing not have committed what is referred to in subdivision (5) of CPL 440.46 as an "exclusion offense." To the extent here relevant, an "exclusion offense" is defined in that subdivision as

> "a crime for which the person was previously convicted *within the preceding ten years, excluding any time during which the offender was incarcerated for any reason between the time of commission of the previous felony and the time of commission of*

*the present felony*, which was: (i) a violent felony offense as defined in section 70.02 of the penal law" (CPL 440.46 [5] [a] [emphasis added]).

The specific difference that occasions this litigation is over the meaning to be attached to the above-quoted definitional phrase "within the preceding ten years." The People have contended that it means within the 10 years preceding the applicant's commission of the drug offense upon which resentencing is sought, while defendant has successfully maintained that the vantage for the 10-year look-back is instead the necessarily more recent date of the resentence application.

Following a jury verdict convicting him of criminal possession of a controlled substance in the third and fourth degrees, based on acts dating to August 24, 2002, defendant was sentenced on March 26, 2003, as a second felony offender, to concurrent indeterminate prison terms running, in the aggregate, from 10 to 20 years. On October 7, 2009, defendant applied for resentencing pursuant to the then recently enacted DLRA-3. The People opposed the application on the ground that defendant was ineligible for the requested relief by reason of his commission of an "exclusion offense"; defendant had been convicted of a violent felony—third degree criminal possession of a weapon—on November 27, 1995, and it was the People's understanding that that conviction temporally qualified as an exclusion offense under CPL 440.46 (5) (a) because the underlying crime was committed less than 10 years before the 2002 drug crimes for which defendant sought resentencing. Defendant responded that, under the governing statute, the 10-year look-back period extends from the date of the DLRA-3 resentence application, not the date of the crime or crimes for which resentence is sought.

The resentence court, accepting defendant's contention as to the point from which the look-back should be measured, found him eligible for resentencing[1] and, in the absence of any objection to the application upon the ground that substantial justice precluded relief (*see* CPL 440.46 [3] [incorporating by reference L 2004, ch 738, § 23 (DLRA of 2004)]), resentenced defendant,

---

1. It was, in this connection, not disputed that, looking back from the date of defendant's resentence application, ultimately deemed by the court to have been filed on January 7, 2010, defendant's 1995 violent felony fell outside of the 10-year statutory period, even after excluding time from the period's calculation, as the statute directs, by reason of defendant's term of incarceration for his prior felony.

as a second felony offender with a predicate violent felony conviction, to an aggregate prison term of seven years.

The Appellate Division affirmed (81 AD3d 464 [1st Dept 2011]), agreeing with defendant that the critical 10-year retrospect should extend from the date of the resentence application, a conclusion by now reached as well by each of the remaining departments (*see People v Lashley*, 83 AD3d 868, 868 [2d Dept 2011]; *People v Carter*, 86 AD3d 653, 654 [3d Dept 2011]; *People v Hill*, 82 AD3d 77, 79 [4th Dept 2011]). A Judge of this Court granted the People's application for leave to appeal, and we now affirm.

The result of adopting the People's reading of CPL 440.46 (5) (a), which functions to exclude from the 10-year look-back calculation any period of incarceration stemming prospectively from the non-violent drug felony conviction as to which sentencing relief is sought, would be to render permanently ineligible for resentencing not only any defendant who had committed a violent felony within 10 years of the crime for which resentencing is sought (which crime to come within the statute's purview must have been committed before January 13, 2005 [CPL 440.46 (1)], thus extending the reach of the look-back under the People's theory, at a minimum, to January 13, 1995), but any otherwise eligible defendant whose prison term subsequent to a prior violent felony operated under the statutory toll to bring that prior violent felony within the 10-year look-back. The Legislature could, of course, have excluded any defendant with a prior violent felony from the statute's remedial ambit, but did not do so. While it did categorically exclude adjudicated violent predicate felons (*see* CPL 440.46 [5] [b]), it allowed in its definition of "exclusion offense"—one, which contrary to the premise of the dissent does not turn upon the predicate relationship between the prior (violent) and subsequent (drug) felony[2]—that certain incarcerated non-violent drug felony defendants with temporally remote violent felony convictions would be eligible for DLRA-3 resentencing. We would not hesitate to enforce an intention by the Legislature severely to limit that purportedly

---

2. The statute is, in this connection, quite clear when it premises ineligibility for DLRA-3 relief not simply upon the commission of a predicate felony but on "a predicate felony conviction *for an exclusion offense*" (CPL 440.46 [5] [emphasis added]) and then goes on separately to define an "exclusion offense" as, inter alia, one which must have occurred "within the preceding ten years," not "10 years preceding the [present] drug felony," as the dissent posits, a time frame nowhere referred to in the statute, even in its tolling provision (*see* discussion *infra* at 441).

benefitted class, even to the virtually plenary extent advocated by the People, if that limitation, although arguably at odds with the broad objectives of the remedial enactment of which it was part, were clearly expressed, but it is not.

Indeed, we see no textual ground for the People's contention that when the statute describes the look-back simply as "the preceding ten years"—a period that would ordinarily be understood to extend backward from the present, or, from the perspective of the motion court, from the time the resentence application is placed before it—what was really meant was the dramatically different formulation of which the Legislature was doubtless capable (*see e.g.* Penal Law § 70.04 [1] [b] [iv]), namely, 10 years preceding the commission of the drug offense for which the defendant is presently incarcerated. Although an argument is made to the effect that the use of the phrase, "preceding ten years," begs a question as to what is preceded, which question must be answered by reference to the entirely distinct phrase, "time of commission of the present felony," found in the statute's subsequent toll provision, we are not persuaded, either of the need for clarification or of the method. Even if "the preceding ten years" were an ambiguous expression, which it is not, its meaning as to the point of retrospect would not be properly explained by the circumstance that the statute in a different connection—that of defining the toll applicable in calculating the actual extent of the look-back—refers to the "time of commission of the present felony."

Somewhat more substantial, but only from a policy perspective and not as a matter of statutory interpretation, is the People's argument that an anomaly results from construing the statute as the Appellate Division has. Relying upon our observation in *People v Cagle* (7 NY3d 647, 651 [2006]) that time spent serving a sentence of imprisonment does not demonstrate a felon's ability to live within the norms of civil society, the People contend that no period of incarceration, either before or after the commission of the present (drug) felony, should be included in the measurement of the 10-year look-back. *Cagle*, however, involved a look-back to determine eligibility for enhanced punishment under a recidivist sentencing statute. There was no issue raised respecting the Legislature's undoubted prerogative to determine, in the very different context of defining eligibility for resentencing for the purpose of bringing presumptively harsh sentences into line with current norms, that the often lengthy periods spent in prison under sentences precisely of the

sort targeted by the remedial legislation should not effectively preclude a defendant from relief. To be clear, the question now presented is not whether this defendant or any other will be punished as a predicate felon; defendant was both originally sentenced and resentenced as such. The only question is whether a defendant's enhanced recidivist sentence should, because of his or her commission of a violent felony in the objectively distant and ever-receding past, remain irretrievably governed by a generally outmoded sentencing regimen.

The Legislature, we believe, has addressed this question textually, both by flatly providing that the relevant look-back period is "the preceding ten years," excluding from the calculation thereof only pre-drug felony incarceration time, and by unmistakably manifesting its judgment that the designedly rehabilitative course of a defendant's incarceration subsequent to conviction for a low-level, non-violent drug felony may improve and be probative of his or her capacity for a responsible life at liberty. CPL 440.46 (3) expressly contemplates the resentencing court's consideration of the defendant's "institutional record of confinement" and prison disciplinary history. The Legislature's requirement of such consideration is not compatible with the view that time spent incarcerated is categorically without bearing upon, and thus logically to be excluded from counting toward, a defendant's basic eligibility for sentencing relief under DLRA-3.

Even if there were some arguable anomaly in treating the reformatory significance of an incarceratory course stemming from a prior violent felony differently from one stemming from a subsequent non-violent drug felony—and really there is none—it would remain that the law, as it is written, countenances the disparity and is not properly rewritten to accord more perfectly with judicial or prosecutorial notions of consistency. This is particularly so where, as here, the legislation at issue of necessity involves a complex balancing of several sets of compelling and in some respects competing concerns. To be sure, one of those is public safety, but another is that, as the experience with the Rockefeller Drug Laws has demonstrated, there are extraordinary public costs, both human and economic, to the extended incarceration of low-level drug offenders. The Legislature has evidently determined that a prior, temporally distant violent felony should not itself exclude an otherwise eligible defendant from DLRA-3 relief. This is plainly consistent with the legislation's necessarily broad remedial objectives in

addressing the sequelae of the prior sentencing regimen and should not be effectively nullified as a matter of statutory interpretation. To the extent that the Legislature's definition of the eligible class in the individual case proves over-inclusive, the proper corrective is achieved by means of the statutorily required exercise of judicial discretion to determine whether relief to an eligible applicant is in the end consonant with the dictates of substantial justice (*see* CPL 440.46 [3] [incorporating by reference L 2004, ch 738, § 23]; *and see e.g. People v Brown*, 26 Misc 3d 1204[A], 2010 NY Slip Op 50000[U] [2010]).

Accordingly, the order of the Appellate Division should be affirmed.

PIGOTT, J. (dissenting). On November 27, 1995, defendant was convicted of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]), a class D violent felony, and was sentenced to an indeterminate term of 2-4 years. Defendant was arrested for drug-related offenses on August 24, 2002. In March 2003, he was convicted of criminal possession of a controlled substance in the third and fourth degrees, sentenced to concurrent indeterminate terms of 10-20 years and 3-6 years, respectively, and adjudicated a predicate felon based upon his weapons possession conviction.

Defendant moved for resentencing under the Drug Law Reform Act of 2009 (2009 DLRA), asserting that he did not have a "predicate felony conviction for an exclusion offense" which, as relevant here, is defined as:

> "(a) *a crime for which the person was previously convicted within the preceding ten years*, excluding any time during which the offender was incarcerated for any reason between the time of the commission of the previous felony and the time of the commission of the present felony, which was: (i) *a violent felony offense as defined in section 70.02 of the penal law*" (CPL 440.46 [5] [a] [i] [emphasis supplied]).

Because, in my view, the phrase "within the preceding ten years" refers to the 10 years preceding the drug felony for which resentencing is sought, defendant has a predicate felony conviction for an "exclusion offense" and is not entitled to resentencing.

The Penal Law utilizes the term "predicate felony conviction" to define the relationship between a prior conviction and

an instant one (*see* Penal Law § 70.06 [1] [b] [ii]). In that context, the only natural reading of CPL 440.46 (5) (a) is that the 10-year look-back period should be measured from the date of the "present felony" (i.e., the drug offense for which defendant seeks resentencing). Notably, the term "present felony" is similarly used in Penal Law § 70.06 (1) (b) to refer to the instant felony from which the court is expected to measure in determining whether a defendant has a predicate felony conviction.

It is also significant that CPL 440.46 (5) (a)'s tolling provision references a definitive time period—one that runs from the time of the "commission of the previous felony and the time of the commission of the present felony," excluding periods of incarceration. There is no express tolling provision for the time a defendant spends incarcerated on the drug offense for which he seeks resentencing, which, in my view, evinces the Legislature's intent that the only relevant time period for tolling purposes was that time between the commission of the violent felony offense and the drug offense. Under this interpretation, a post-incarceration tolling provision would have been unnecessary where the 10-year look-back period runs from the date of the commission of the drug offense for which defendant seeks resentencing.

Defendant interprets the term "predicate felony conviction" as referring to the relationship between the prior conviction and the date of the application for resentencing. There is no support in either the Penal Law or the CPL for that interpretation and, specifically, there is no reference in the statute that the 10-year look-back period should run from the date of the application. Such an interpretation encourages the kind of gamesmanship that occurred here, where defendant, upon initially learning that he fell within the 10-year look-back period because he moved for resentencing too early (thereby rendering him ineligible), asked Supreme Court to deem his application as being submitted at a later date. The court complied with this request, which, in my view underscores the fallacy of defendant's argument, namely, that as long as a defendant with a violent felony offense spends enough time incarcerated and does not commit a violent felony while incarcerated, he will eventually be able to seek resentencing.

I agree with the majority that the 2009 DLRA is remedial in nature, but only for certain classes of people sentenced under the Rockefeller Drug Laws: those who have never committed a second violent felony offense or a persistent violent felony

offense (*see* CPL 440.46 [5] [b]), and those convicted of a violent felony offense committed more than 10 years prior to the commission of the drug offense upon which they seek resentencing, "excluding any time during which [they were] incarcerated for any reason" (CPL 440.46 [5] [a]). When it enacted the 2009 DLRA, the Legislature's intent was to make resentencing available to a finite number of individuals who, due to their nonviolent histories or their having committed violent felony offenses sufficiently remote in time, were entitled to partake in these reforms. The underlying intent of the DLRA reforms was not, in my view, to permit drug offenders with violent histories to reap the benefits of these reforms on a "rolling" basis by counting the time they are incarcerated on the drug felony offense as part of the 10-year look-back period.

Accordingly, I would reverse the order of the Appellate Division.

Judges CIPARICK, GRAFFEO and JONES concur with Chief Judge LIPPMAN; Judge PIGOTT dissents and votes to reverse in a separate opinion in which Judges READ and SMITH concur.

Order affirmed.