OPINION OF THE COURT
Martin I. Efman, J.
Defendant stands accused under indictment No. 03152C-2010 of the following: count 1, conspiracy in the second degree (Penal Law § 105.15); count 2, operating as a major drug trafficker (Penal Law § 220.77 [1]); count 5, criminal sale of a controlled substance in the second degree (Penal Law § 221.41 [1]); count 6, criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]); count 7, criminal sale of a controlled substance in the second degree (Penal Law § 220.41 [1]); count 8, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]); count 9, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]); count 10, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]); count 11, criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]).
Defendant is one of 27 codefendants charged in this indictment. The defendants are charged, in various capacities, with operating an organization for the acquisition, sale and distribution of heroin in Suffolk County. A significant portion of the evidence against this defendant was obtained as the result of the issuance of a series of eavesdropping warrants by the court. During the period of time between December 9, 2009 and December 9, 2010, evidence of recorded calls between defendant and others established before the grand jury that defendant personally engaged in negotiations relating to availability, quantity, packaging and delivery of heroin, provided a supply of heroin to subordinates, oversaw cash and financial transactions, engaged in negotiations to set up multiple narcotics transactions, shared information about known police activity and discussed an offer of sale for a separate heroin business in Suffolk County. The aggregate monetary value of defendant’s business operation was established by evidence of specific drug transactions, including drug quantities and monetary amounts, occurring on specified dates with identified buyers.
Pursuant to Penal Law § 220.77 (1), count 2 alleges that defendant, acting in concert between December 9, 2009 and *263 December 9, 2010, was a director of this heroin operation and that the proceeds collected or due from sales had an aggregate value of $75,000 or more. Defendant now moves to dismiss count 2 on the basis that the language of Penal Law § 220.77 (1) violates the due process provisions of the United States Constitution and the New York State Constitution. The People are opposed. For the reasons stated below, defendant’s motion on this basis is denied.
Penal Law § 220.77 was enacted as part of the Drug Law Reform Act of 2009. Alternately known as a “king pin” statute, it created a new offense of operating as a major trafficker, a class A-I felony. Penal Law § 220.77 (1) states as follows:
“A person is guilty of operating as a major trafficker when:
“1. Such person acts as a director of a controlled substance organization during any period of twelve months or less, during which period such controlled substance organization sells one or more controlled substances, and the proceeds collected or due from such sale or sales have a total aggregate value of seventy-five thousand dollars or more.”
Defendant argues that the terms “director,” “controlled substance organization,” “twelve months or less” and “proceeds collected or due from such sale or sales” are impermissibly vague.
A vagueness challenge involves a two-part analysis. First, a statute is unconstitutionally vague if it fails to clearly define the conduct it proscribes (Skilling v United States, 561 US —, 130 S Ct 2896 [June 24, 2010], citing Grayned v City of Rockford, 408 US 104 [1972]). A penal law statute must provide a person of ordinary intelligence with a reasonable opportunity to know what is prohibited. Secondly, it must be written in a manner which precludes arbitrary and discriminatory enforcement by police (Grayned, id.; People v Bright, 71 NY2d 376 [1988]). The statute “ ‘must provide explicit standards for those who apply them’ so as to avoid ‘resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application’ ” (People v Smith, 44 NY2d 613, 618 [1978], quoting Grayned at 108-109).
To prevail on a void-for-vagueness claim, the party raising the challenge bears the burden of establishing that the provision is unconstitutional beyond a reasonable doubt (People v Scalza, 76 NY2d 604 [1990]). This is a heavy burden. The court has *264 recognized “the firmly established principle that legislative enactments are cloaked with a strong presumption of constitutionality” (New York Socy. of Enrolled Agents v New York State Div. of Tax Appeals, 161 AD2d 1, 5-6 [2d Dept 1990]). Although that presumption is rebuttable, the court will strike a statute as unconstitutional “[o]nly as a last resort” (id. at 6). “The courts have also recognized a further presumption that the Legislature has investigated and found the existence of a situation indicating the need for and the desirability of the statute” (id. [citations omitted]).
Penal Law § 220.77 addresses compelling and legitimate legislative goals, of which “to be sure, one of those is public safety” (People v Sosa, 18 NY3d 436, 442 [2012]). Although the New York State Drug Law Reform Act of 2009 (L 2009, ch 56, part AAA, § 29 [eff Nov. 1, 2009]) is, in large part, remedial in nature, the Legislature specifically established three classes of serious drug offenses under Penal Law § 220.77 (1), (2) and (3). The designation of these crimes in clear and unambiguous language reflects a legislative intent “[t]o create new offenses or elevated punishment levels for those who operate as a major drug trafficker” (Senate Introducer Mem in Support, 2009 NY Senate Bill S1576 [Feb. 3, 2009]). The justification for these provisions was to address a perceived shortcoming in existing law, i.e., the inability of prosecutors to charge “drug kingpins,” who do not expose themselves to felony sale or possession charges, with anything more serious than the class B felony of conspiracy in the second degree. The declared policy of the Legislature in enacting these provisions was “to provide significant sanctions for those who cannot be said to be included in the group of low level addicted offenders intended to benefit from the sentence reductions” and to “provide appropriate sentences for those who seek to profit from the sale of drugs and those whose drug crimes endanger our children and communities” (id.).
In enacting this statute, the Legislature defined the terms “director” and “controlled substance organization.” Penal Law § 220.00 (19) states: “ ‘Director’ means a person who is the principal administrator, organizer, or leader of a controlled substance organization or one of several principal administrators, organizers, or leaders of a controlled substance organization.” Penal Law § 220.00 (18) defines “controlled substance organization” as follows: “ ‘Controlled substance organization’ means four or more persons sharing a common purpose to *265 engage in conduct that constitutes or advances the commission of a felony under this article.”
The court finds that the terms “director” and “controlled substance organization” are not unconstitutionally vague. The purpose of the statute is to provide enhanced penalties for those in leadership positions of large-scale drug enterprises. Through inclusion and specific definitions of the words “director” and “organization,” the proscribed conduct is sufficiently identified. A person of ordinary intelligence has “fair notice that his contemplated conduct is forbidden by the statute” (People v Smith, 44 NY2d 613, 618 [1978], quoting United States v Harriss, 347 US 612, 617 [1954]). A citizen of ordinary intelligence can certainly comprehend that acting as a principal administrator, organizer or leader, on more than one occasion, of a controlled substance organization of defined monetary scope is proscribed behavior that would subject one to punishment.
Although the phrases “twelve months or less” and “proceeds collected or due from such sale or sales” are not specifically defined, their meanings are easily understood by ordinary individuals. Failure to define all material terms in a criminal statute does not render it unconstitutionally vague (People v Nelson, 69 NY2d 302 [1987]; People v Bergerson, 17 NY2d 398 [1966]). A penal law will be upheld provided that it “define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement” (Kolender v Lawson, 461 US 352, 357 [1983]). The indictment herein defines a 12-month period of time between December 9, 2009 and December 9, 2010. The “proceeds” in this case are cash, evidence of which is linked to specified transactions, payment amounts and dates. These elements of Penal Law § 220.77 (1) are calculable measures that a person of ordinary intelligence can understand.
With respect to all four of the phrases attacked by defendant, the court determines that the statute provides sufficient guidance to law enforcement officials to preclude arbitrary and discriminatory enforcement (Grayned). The statute limits prosecution to the director of a controlled substance organization during a defined time period with a specified valuation of proceeds. These are objective criteria that are not dependent upon the subjective conclusions of law enforcement. Defendant’s argument of vagueness in this regard is diminished by the fact that the prosecution is based, in large part, not upon “a *266 whim” or “unfettered discretion” but, rather, upon a series of wiretaps which recorded defendant’s conversations and which the People rely upon to establish key elements of this offense (Kolender at 357-358).
For these reasons, the court finds that defendant has failed to meet his burden and defendant’s motion to dismiss on the basis that Penal Law § 220.77 (1) is unconstitutionally vague is denied.