OPINION OF THE COURT
Margaret L. Clancy, J.
On November 28, 2005, defendant was convicted following a jury trial of five counts of criminal sale of a controlled substance in or near school grounds (Penal Law § 220.44 [2]), a class B felony. On February 23, 2006, this court sentenced defendant to an indeterminate term of 10 to 20 years’ imprisonment. Defendant’s conviction and sentence were affirmed. (People v Santana, 48 AD3d 286 [1st Dept 2008], Iv denied 10 NY3d 844 [2008].)
Defendant now moves this court, pursuant to Criminal Procedure Law § 440.46 and Penal Law §§ 60.04 and 70.70, to resentence him on these 2006 convictions pursuant to the revised drug sentencing guidelines set forth in the Drug Law Reform Act (DLRA) of 2009 (L 2009, ch 56, § 1, part AAA, § 9). The People oppose on the grounds that defendant is not eligible for resentencing, arguing that a first degree robbery conviction from January 23, 2001, constitutes an “exclusion offense” within the meaning of CPL 440.46 (5) (a).[1] In the alternative, the People argue that even if the court deems defendant to be *317 eligible for resentencing, substantial justice requires that the application be denied. After reviewing the parties’ submissions, and after considering the arguments concerning defendant’s eligibility and the facts and circumstances relevant to the imposition of a new sentence, defendant’s application is granted.
Defendant’s Eligibility for Resentencing
Criminal Procedure Law § 440.46 prohibits the resentencing of anyone who has a predicate felony conviction for an exclusion offense. An exclusion offense includes any conviction for a violent felony offense within the preceding 10 years, “excluding any time during which the offender was incarcerated for any reason between the . . . commission of the previous felony and the . . . commission of the present felony.” (CPL 440.46 [5] [a].) The parties agree that the potential exclusion offense at issue in this application, robbery in the first degree (Penal Law § 160.15 [3]), is a violent felony offense and that this “look back” period begins from the date of the resentencing application. (People v Sosa, 18 NY3d 436 [2012].) The issue before the court is whether the “look back” period under CPL 440.46 (5) (a) is measured back to the date of defendant’s conviction of the violent felony offense, or to the date of the commission of the violent felony offense.
This issue appears to be one of first impression that has yet to be directly addressed by any appellate court. In this case, if the controlling date is the date of conviction, as the People maintain, then defendant’s application is 818 days premature and he would not be eligible until April 14, 2014. If the controlling date is the date the robbery was committed, as defendant argues, then defendant became eligible for resentencing on October 25, 2011, 84 days before he filed the instant application. For the following reasons, the court finds that the controlling date is the date of the commission of the violent felony offense.
The relevant dates, as conceded by the parties, are as follows: The instant application was filed on January 17, 2012. The potential exclusion offense of robbery in the first degree was committed on August 5, 1998. Defendant pleaded guilty to that offense on January 23, 2001. He was sentenced as a juvenile offender to 1 to 3 years’ incarceration on January 11, 2002, almost a year later. The first drug offense for which defendant seeks *318 resentencing was committed on June 11, 2003. Defendant was incarcerated for a total of 1,177 days between the commission of the robbery on August 5, 1998, and the commission of his first drug offense on June 11, 2003.
The People argue that the controlling date for defendant’s eligibility must be the date of conviction based on a plain reading of CPL 440.46 (5) (a), which excludes anyone who has a predicate felony conviction for an exclusion offense, defined as a “crime for which the person was previously convicted within the preceding ten years.” (Emphasis added.) The People also argue that using the commission date as the controlling date would result in an unintended windfall to any offender who committed a crime but managed to avoid capture and prosecution. The People further argue that if the legislature had intended the result proposed by defendant, it could have specifically excluded a “crime for which the person previously committed and was subsequently convicted” within the preceding 10 years. In support of their position, the People cite to the Second Department decisions in People v Jefferson (85 AD3d 1058 [2d Dept 2011] [using date sentence was imposed], Iv denied 18 NY3d 859 [2011]), and People v Prince (92 AD3d 700 [2d Dept 2012] [measuring from date of application to date of conviction]).
In contrast, defendant argues that CPL 440.46 (5) (a) does not refer to either the sentencing date or conviction date for the potential exclusion offense as the relevant event. By using the phrase “a crime for which the person was previously convicted,” wherein the only noun is the word “crime,” defendant argues that the language is simply a restrictive clause used to distinguish crimes that resulted in conviction from those that did not. Therefore, defendant continues, a plain reading of the statute requires that the court use the date of the crime’s commission when making its calculation, thereby giving defendant the benefit of the time he spent at liberty between the commission of the potential exclusion offense and his conviction for that offense. Finally, defendant argues that any ambiguity in the statute should inure to defendant’s benefit, and the court should choose a broader reading of the statute in light of its ameliorative purpose. In support of this position, defendant cites to People v Bostic (89 AD3d 1409 [4th Dept 2011]), a case in which the Fourth Department reversed and remanded a resentencing application and specifically directed the trial court to
*319 “ascertain the date on which defendant’s prior violent felony offense occurred [and] . . . the time period that defendant was incarcerated for that prior violent felony offense, which the court must exclude when calculating whether the prior violent felony offense took place within the 10-year period preceding the date on which the application for resentencing was filed.” (Bostic, 89 AD3d at 1410.)
In determining defendant’s eligibility for resentencing, the court first acknowledges the ameliorative purpose of the Drug Law Reform Act of 2009 (L 2009, ch 56, § 1, part AAA, § 9), which amended the Penal Law to provide remedial relief to low-level, nonviolent, class B felony drug offenders who received inordinately harsh sentences under the Rockefeller drug laws. (Sosa, 18 NY3d at 438.) It is precisely for this reason that CPL 440.46 (5) (a) differs significantly from the predicate felony sentencing scheme set forth in Penal Law § 70.04. Pursuant to Penal Law § 70.04, a prior conviction is a predicate violent felony conviction where the sentence for the prior felony was imposed “not more than ten years before commission of the [present] felony.” (Penal Law § 70.04 [1] [b] [iv].) Therefore, unlike CPL 440.46, Penal Law § 70.04 specifically requires the court to use the date that the present felony was committed as well as the date that the sentence for the prior felony was imposed to determine whether the prior felony was within 10 years of the commission of the present felony. In contrast, CPL 440.46 (5) (a) requires the court to use the application date, but does not include any reference to the sentencing date in calculating the 10-year period. Moreover, in calculating this 10-year period under Penal Law § 70.04, “any period of time during which [defendant] was incarcerated for any reason between the [commission of the previous felony and the present felony] shall be excluded,” and the 10-year period will be extended by the time equal to those periods of incarceration. (Penal Law § 70.04 [1] [b] [v].) This portion of the statute tolls the 10-year period and prevents any defendant from benefitting from the period in which he might have been crime free simply because he was incarcerated. CPL 440.46 (5) (a) contains a similar tolling provision that excludes any time defendant was incarcerated between the commission of the offenses. But what is most important and highlights the inclusive and ameliorative nature of CPL 440.46 is that the entire period of incarceration following defendant’s commission of the felony drug offense for which resentencing is sought is included in the 10-year period that defendant must reach to become eligible. (Sosa, 18 NY3d 436.)
*320 The court also notes that the appellate authority relied on by both the People and defendant fails to provide any meaningful guidance on this issue. The case law cited by the People is inconsistent in that the Second Department has used both the conviction and sentencing dates of a predicate felony to determine whether it constitutes an exclusion offense within the meaning of the statute. And People v Bostic, relied on by defendant, in no way stands for the proposition that the date of commission is the controlling date. In fact, the Bostic Court did not address the issue at hand and only referred to what the statute requires any court to do with respect to a resentencing application — to determine the dates of the commission of the predicate felony as well as the drug offense so that the court may calculate any period of incarceration between those two dates that is to be excluded from the 10-year “look back” period. (89 AD3d at 1410.)
Even People v Sosa (81 AD3d 464 [1st Dept 2011]), in which the First Department affirmed the lower court’s eligibility determinations concerning two of three defendants, is by no means conclusive. The trial court in Sosa determined that two of three defendants were eligible for resentencing, and that the third defendant was not, based on the dates of their applications and the dates of their convictions for their respective potential exclusion offenses. (See People v Danton, 27 Misc 3d 638 [Sup Ct, NY County 2010].) Although the First Department subsequently held that the lower court “properly determined that both defendants[2] were eligible for resentencing under the 2009 Drug Law Reform Act” (81 AD3d at 464), the issue before the Court was whether the 10-year “look back” period was to be measured from the date of the application as opposed to the date of the commission of the drug offense for which resentencing was sought. At no point did the First Department, or the Court of Appeals in affirming the courts below, decide that the controlling events were the application dates and the dates of conviction. This issue was neither raised nor addressed in Sosa. In this regard, the First Department’s Sosa decision does not support the People’s current position, implicitly or otherwise, because the *321 lower court’s decision was proper regardless of how it arrived at its determination.[3]
Where statutory language is clear and unambiguous, a court engaging in statutory analysis must always give effect to the legislative intent by reference to the plain meaning of the statute. (See Danton, 27 Misc 3d 638, 641.) This statute is far from unambiguous. As the People suggest, CPL 440.46 (5) (a) could, arguably, be read as requiring the court to calculate the time between defendant’s application and the date of his conviction on the predicate felony, and then subtract any periods of incarceration between the commission of the offenses, to determine whether it constitutes an exclusion offense. However, the language of CPL 440.46 (5) (a) equally, and more logically, supports defendant’s interpretation that the operative event is the commission of a violent felony offense within the preceding 10 years, a violent felony offense for which defendant was convicted. Even the Court of Appeals in Sosa opined that the statute premises ineligibility for relief not only on a predicate felony conviction for an exclusion offense, but on an exclusion offense “which must have occurred ‘within the preceding ten years.’ ” (18 NY3d at 440 n 2 [emphasis added].)
While the statute does refer to a “conviction” for an exclusion offense, it also refers to the date of the “commission” of that offense. What is not clear is whether the commission date is relevant only in terms of calculating the tolling period, or whether it was also meant to frame the “look back” period. Indeed, in the instant matter it would make little sense to specifically exclude any period of incarceration, for any reason, between the commission of the robbery and the commission of the first drug offense while at the same time not accounting for the time during which defendant was at liberty between these two dates. Given the remedied nature of the Drug Law Reform Act of 2009, it is, therefore, “appropriate to resolve any ambiguity .. . in favor of the more ameliorative, rather than the more punitive, construction.” (People v Arroyo, 28 Misc 3d 1205[A], 2010 NY Slip Op 51151DJ], *3-4 [Sup Ct, Bronx County 2010, Price, J.], quoting Danton, 27 Misc 3d at 644.)
Based on the foregoing, the court holds that defendant is eligible for resentencing in that his 2001 conviction is not an *322 “exclusion offense” within the meaning of CPL 440.46 (5) (a). Measuring back from January 17, 2012, the date of defendant’s application, to August 5, 1998, the date defendant committed the potential exclusion offense, 4,913 days have elapsed. As this court has already noted, defendant was incarcerated for a total of 1,177 days between the commission of the robbery on August 5, 1998, and the commission of his first drug offense on June 11, 2003. Subtracting this period of incarceration from the 4,913 days between the prior felony and the date the resentencing application was filed reduces the “look back” period to 3,736 days, or 10 years and 84 days.[4] Defendant’s 2001 felony conviction is not, therefore, an exclusion offense which occurred within the previous 10 years and presents no statutory bar to defendant’s eligibility for resentencing.
Substantial Justice
The Drug Law Reform Act of 2004 (L 2004, ch 738, § 23), incorporated by reference in CPL 440.46 (3), presumes that an otherwise eligible defendant shall be entitled to be resentenced and provides that a resentencing application should be granted unless “substantial justice dictates that the application should be denied.” (See People v Roman, 26 Misc 3d 784, 786-787 [Sup Ct, Bronx County 2009, Mogulescu, J.].) Resentencing, however, is not automatic and the court has the discretion to deny the application if it finds that substantial justice so dictates. (People v Vasquez, 41 AD3d 111 [1st Dept 2007].)
As the People point out, defendant is not a stranger to the criminal justice system. Defendant was convicted of two felonies, robbery in the first degree and criminal possession of a weapon in the third degree, and five misdemeanors before the age of 20. Defendant also stands convicted of the instant offenses, five drug sales, each of which consisted of the sale of $100 worth of crack/cocaine. These sales were part of a long-term drug investigation in which defendant appears to have been a low-level street dealer. Defendant’s youth and immaturity undoubtedly played a significant role in this criminal history.
Defendant is now 29 years old, and has been incarcerated for much of his young adult life. The court acknowledges that defendant was convicted of two additional felonies while he was in prison on the drug charges, for promoting prison contraband in the first degree and attempted assault in the second degree. *323 However, defendant took responsibility for his role in the assault by cooperating with the authorities and pleading guilty. Moreover, given that the District Attorney’s Office previously conceded that defendant played a relatively minor role in the assault in a 2009 letter to the Division of Parole on defendant’s behalf, the court takes issue with the People’s current efforts to vilify defendant for his participation in this offense.
The court also notes that defendant has 11 citations from prison for disciplinary infractions such as unauthorized organization, being out of place, property in an unauthorized location, smuggling, possession of unauthorized written material and testing positive for marijuana. As defendant points out, not one of these infractions involved violence. However, defendant has participated in several prison programs to improve himself and to prepare for his eventual return to society, such as courses in basic and advanced nonviolent conflict resolution, and his participation in an alcohol and substance abuse program. Defendant has also obtained his GED and completed the Department of Correctional Services Vocational Plumbing Program, as well as a masonry program to learn skills as a block mason. These accomplishments clearly demonstrate defendant’s willingness to become a productive member of society.
After considering the facts and circumstances relevant to the imposition of a new sentence, including defendant’s criminal history, institutional record, disciplinary history, and willingness to participate in vocational, substance abuse, and alternatives to violence programming, the court grants defendant’s application.
Although the authorized sentence is now a determinate sentence between 6 and 15 years in prison, to be followed by IV2 to 3 years of postrelease supervision, the court notes that defendant has not asked the court to impose any particular sentence. In any event, due to defendant’s criminal history, both before and after he committed the instant drug offenses, the court will not resentence defendant to the statutory minimum. Rather than adjourn the case yet again for the court to issue a written order, the court “specified and informed” defendant, on the record on June 29, 2012, that the application was granted and that the court would resentence defendant to a determinate term of 10 years in prison with three years of postrelease supervision. Defendant declined an opportunity to withdraw his application, and the matter was adjourned to July 10, 2012 for defendant to be resentenced by the court.
*324 Accordingly, defendant’s application is granted, his original sentence is vacated, and defendant is sentenced to a determinate term of 10 years in prison with three years of postrelease supervision. This sentence is imposed nunc pro tunc to February 23, 2006, the date of the original sentence.

. The People initially argued that defendant was ineligible for resentencing due to an April 30, 2009 conviction for attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [1]). In the People’s initial opposition papers, the People incorrectly argued that this conviction was a violent felony offense and, therefore, constituted an exclusion offense pursuant to CPL 440.46 (5) (a). Although the People have abandoned this argument, the court notes that this conviction is a nonviolent felony offense (see Penal Law § 70.02 [1] [d]), as conceded by the District Attorney’s Office in a 2009 letter to the *317 Division of Parole on defendant’s behalf. (See defendant’s notice of mot for DLRA resentencing, exhibit G.)

. It appears that the third defendant, Claude Danton, whom the trial court deemed ineligible for resentencing, did not appeal.

. Reviewing the dates at issue before the court in Danton leads to the inescapable conclusion that the outcome of the three resentencing applications would have been the same regardless of whether the Danton court relied on the commission dates as opposed to the conviction dates.

. The 10-year period immediately preceding the filing of the instant application, including leap years, amounts to 3,652 days.