OPINION OF THE COURT
Peters, PJ.
Following a jury trial held in 2001, defendant was convicted of two counts of criminal sale of a controlled substance in the third degree and sentenced as a persistent felony offender to an aggregate prison term of 15 years to life (4 AD3d 677, 678 [2004], lvs denied 2 NY3d 797 [2004], 3 NY3d 672 [2004]).[1] After County Court initially denied defendant’s motion for resentencing seeking a reduced determinate sentence under the Drug Law Reform Act of 2009 (see L 2009, ch 56, § 1, part AAA, § 9, as codified, in relevant part, in CPL 440.46), this Court remitted the matter for the purpose of ensuring that defendant’s right to counsel was adequately addressed (83 AD3d 1223 [2011]). Upon remittal, defendant was assigned counsel and, upon consideration of his ensuing resentencing motion, County Court denied the application, finding that defendant was ineligible for resentencing because he was sentenced as a persistent felony offender. Defendant now appeals.
Mindful of the “necessarily broad remedial objectives” of this legislation and that we must interpret such remedial legislation expansively in order to effectuate its goals (People v Sosa, 18 NY3d 436, 442 [2012]), we find that defendant is eligible to apply for resentencing. CPL 440.46 affords certain individuals convicted of class B drug felonies an opportunity to apply for resentencing (see id. at 438). As is relevant here, CPL 440.46 provides: *78 Insofar as defendant is currently in the custody of the Department of Corrections and Community Supervision pursuant to convictions upon two class B controlled substance offenses, he is eligible to apply for resentencing unless he falls within one of the exceptions set forth in CPL 440.46 (5). That provision excludes “any person who is serving a sentence on a conviction for or has a predicate felony conviction for an exclusion offense” (CPL 440.46 [5]). An “exclusion offense” is defined, in pertinent part, as “a violent felony offense . . . or . . . any other offense for which a merit time allowance is not available pursuant to [Correction Law § 803 (1) (d) (ii)]” (CPL 440.46 [5] [a] [i], [ii]).
*77 “Any person in the custody of the department of corrections and community supervision convicted of a class B felony offense defined in [Penal Law article 220] which was committed prior to January [13, 2005] . . . may, except as provided in subdivision five of this section, . . . apply to be resentenced to a determinate sentence in accordance with [Penal Law §§ ] 60.04 and 70.70 ... in the court which imposed the sentence” (CPL 440.46 [l]).[2]
*78 Although defendant, having been sentenced pursuant to his drug offense convictions as a persistent felony offender, is serving a sentence that would preclude him from earning merit time pursuant to Correction Law § 803 (see Correction Law § 803 [1] [d] [ii]; Penal Law § 70.10 [2]), he was not convicted of an “offense for which a merit time allowance is not available” (CPL 440.46 [5] [a] [ii] [emphasis added]; see Penal Law §§ 10.00 [1]; 220.39). This distinction is significant. The Penal Law states:
“ ‘Offense’ means conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state or by any law, local law or ordinance of a political subdivision of this state, or by any order, rule or regulation of any governmental instrumentality authorized by law to adopt the same” (Penal Law § 10.00 [1]).
Defendant’s offense and his sentence are thus two separate components that we decline to conflate for purposes of depriving an otherwise eligible person of the benefits of the remedial legislation that we are tasked with interpreting here. To the extent that the Second Department held to the contrary in People v Gregory (80 AD3d 624 [2011], lv denied 17 NY3d 806 [2011]), we decline to follow that case. Accordingly, we find that defendant is eligible to apply for resentencing pursuant to the Drug Law Reform Act of 2009, and County Court erred in denying defendant’s motion.
With regard to defendant’s claim that “substantial justice” requires resentencing, we note that County Court is vested with the discretion to make that determination (see People v Peterson, 88 AD3d 1026, 1027 [2011]), and we remit this matter to *79 that court to pass upon the issue in the first instance. Defendant’s remaining claim has been rendered academic by our determination.

. Defendant’s previous felony offenses were for nonviolent felonies and were merit time eligible.

. Although this provision was amended in 2011 in order to replace the former Department of Correctional Services with the present Department of *78 Corrections and Community Supervision (see L 2011, ch 62, § 1, part C, § 1, subpart B, § 79), this amendment is of no consequence here.