■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IBN MITCHELL, Appellant. [982 NYS2d 481]—

Order, Supreme Court, New York County (Laura A. Ward, J.), entered on or about August 10, 2011, which denied defendant's CPL 440.46 motion for resentencing, and order, same court and Justice, entered August 23, 2011, which, upon renewal, adhered to the original determination, unanimously affirmed.

The court providently exercised its discretion in concluding that substantial justice dictated the denial of the motion. Resentencing is a discretionary determination (*People v Sosa*, 18 NY3d 436, 442-443 [2012]), and courts may deny the applications of persons who "have shown by their conduct that they do not deserve relief from their sentences" (*People v Paulin*, 17 NY3d 238, 244 [2011]). Here, defendant did not merely fail to complete drug treatment. He displayed an extensive pattern of inability to control his behavior, which outweighed the mitigating factors he cited.

Defendant's procedural arguments are unavailing. The record establishes that defendant was brought before the court and given the opportunity to be heard (*see People v Robinson*, 45

AD3d 442 [1st Dept 2007], *lv dismissed* 10 NY3d 815 [2008]). To the extent that the court's original order, which denied the motion on the parties' written submissions, could be viewed as premature, there was no prejudice to defendant. The court effectively permitted defendant to renew his motion, and, after hearing from him personally and expressly taking his statement into account, it adhered to its original determination. Concur—Friedman, J.P., Renwick, Moskowitz, Richter and Feinman, JJ.