■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WESLEY VAUGHN, Appellant. [11 NYS3d 874]—Appeal by the defendant from so much of an order of the Supreme Court, Westchester County (Hubert, J.), entered January 10, 2013, as denied that branch of his motion which was for resentencing pursuant to CPL 440.46 on his conviction of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, and resisting arrest (two counts), which sentence was originally imposed, upon a jury verdict, on September 13, 1994.

Ordered that the order is reversed insofar as appealed from, on the law, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings and a new determination of that branch of the defendant's motion which was for resentencing pursuant to CPL 440.46.

As the defendant contends, and the People correctly concede, the Supreme Court erred in determining that the defendant was ineligible for resentencing pursuant to the Drug Law Reform Act of 2009, codified in CPL 440.46, solely on the ground that he was released to parole after he applied for resentencing. At the time the defendant filed his motion, inter alia, for resentencing, he was in the custody of the Department of Corrections and Community Supervision (*see People v Brown*, 25 NY3d 247 [2015]; *People v Santiago*, 17 NY3d 246, 248-249 [2011]; *People v Taylor*, 89 AD3d 1116, 1116-1117 [2011]). Accordingly, the defendant is eligible for resentencing pursuant to CPL 440.46, and the matter must be remitted to the Supreme Court, Westchester County, for further proceedings and a new determination of that branch of the defendant's motion which was for resentencing pursuant to CPL 440.46. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.