■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WESLEY C. JONES, Appellant. [18 NYS3d 403]—

Appeal by the defendant from an order of the County Court, Suffolk County (Toomey, J.), dated April 4, 2014, which denied his motion for resentencing pursuant to CPL 440.46 on his conviction of criminal possession of a controlled substance in the third degree, which sentence was originally imposed, upon a jury verdict, on February 28, 1994.

Ordered that the order is reversed, on the law, and the matter is remitted to the County Court, Suffolk County, for further proceedings in accordance with the resentencing procedure set forth in CPL 440.46.

Contrary to the defendant's contention, his right to be present at trial was not violated by his absence from a motion conference at which the County Court determined, as a threshold legal matter, that he was ineligible for resentencing pursuant to CPL 440.46 (*see People v Duke*, 111 AD3d 955, 956 [2013]; *People v Bens*, 109 AD3d 664, 665 [2013]; *People v Allen*, 105 AD3d 969 [2013]; *People v Vaughan*, 62 AD3d 122, 129 [2009]).

However, as the People correctly acknowledge, the County Court erred in finding that the defendant is ineligible for resentencing pursuant to CPL 440.46. The 2009 Drug Law Reform Act, codified at CPL 440.46, provides that "[a]ny person in the custody of the department of corrections and community supervision convicted of a class B felony offense defined in article two hundred twenty of the penal law which was committed prior to January [13, 2005], who is serving an indeterminate sentence with a maximum term of more than three years, may . . . apply to be resentenced" (CPL 440.46 [1]). The resentencing provisions of CPL 440.46 do not apply "to any person who is serving a sentence on a conviction for or has a predicate felony conviction for an exclusion offense" (CPL 440.46 [5]). As relevant here, CPL 440.46 (5) (a) defines an "exclusion offense" as "a crime for which the person was previ-

ously convicted within the preceding ten years, excluding any time during which the offender was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony, which was . . . a violent felony offense as defined in section 70.02 of the penal law" (CPL 440.46 [5] [a]). The 10-year "look-back" period of CPL 440.46 (5) (a) is properly measured from the date of the defendant's resentencing motion (*see People v Sosa*, 18 NY3d 436, 440 [2012]; *People v Golo*, 109 AD3d 623, 623-624 [2013], *lv granted* 23 NY3d 1037 [2014]; *People v Brown*, 85 AD3d 940, 941 [2011]; *People v Lashley*, 83 AD3d 868 [2011]).

Here, as the People correctly acknowledge, the defendant is eligible for resentencing pursuant to CPL 440.46 based on the 10-year "look-back" period of CPL 440.46 (5) (a) (*see People v Sosa*, 18 NY3d at 440; *People v Golo*, 109 AD3d at 623-624; *People v Brown*, 85 AD3d at 941; *People v Lashley*, 83 AD3d 868 [2011]). Accordingly, the matter must be remitted to the County Court, Suffolk County, for further resentencing proceedings in accordance with the resentencing procedure set forth in CPL 440.46 (*see People v Brown*, 85 AD3d at 942; *see also People v Vaughn*, 130 AD3d 760, 761 [2015]; *People v Rodriguez*, 89 AD3d 1042 [2011]). Hall, J.P., Austin, Sgroi and Hinds-Radix, JJ., concur.